[No. 1471.]

WILLIAM HAYES, RESPONDENT, v. W. L. DAVIS AND
L. S. SCOTT, A. TRAVIS, W. C. GALLAGHER, THE
BOARD OF COUNTY COMMISSIONERS OF WHITE PINE
COUNTY, APPELLANTS.

PRACTICE—APPEAL—AUTHENTICATION OF STATEMENT.—A statement of a
case on appeal must be settled and authenticated by the judge or
referee hearing the case, or by agreement of the parties, under secs.
3354, 3355 and 3357 of General Statutes; and unless so autheuticated
thirty days prior to the commencemont of a term of the supreme
court, the appellant is not in default for failure to file a transcript by
the first day of the term, though the statement may have been on
file with the clerk of the trial court for a longer time, and no
amendments proposed thereto.

IDEM—APPEAL IRREGULARLY DISMISSED.—An appeal, found to have been
irregularly dismissed, will be reinstated upon motion.

ACTION by William Hayes against W. L. Davis and others.
Appellant moves to restore an appeal which was dismissed.
Motion granted.

The facts appear in the opinion.

*R. M. Clarke* and *Henry Rives*, for Appellant.

*Thos. Wren, J. Poujade* and *F. X. Murphy*, for Respondent:

I. The statement was never presented to the judge who
tried the cause, as required by either sections 332, 333 or 335
of the practice act. (Gen. Stats., secs. 3354, 3355, 3357.)

II. After filing the notice of appeal in due time, the
appellants filed the requisite undertaking and perfected their
appeal. Upon this state of facts on the 2d day of April,
1896, counsel for appellants, according to his affidavit,
directed the clerk of the district court in and for White
Pine county to certify the papers on appeal to the supreme
court. The clerk certified the papers as requested, and the
papers were filed with the clerk of this court on the 8th of
April. In the meantime, however, the appeal had been dis-
missed upon motion of counsel for respondent.

III. The appeal should not be reinstated. The affidavit
of counsel for appellants shows gross carelessness upon the
part of counsel in moving to have the appeal reinstated.

By the Court, BONNIFIELD, J.:

On motion of counsel for respondents, based on the certificate of the clerk of the trial court, the appeal in this case was dismissed. The clerk's certificate fully complies with the requirements of section or part 2 of rule 3 of the supreme court, except "the fact and time of the settlement of the statement" are not certified. It is certified "that the defendant's statement in said cause was filed on the 3d day of January, 1896; that no proposed amendments thereto have ever been filed." When no amendments have been filed to a statement on motion for a new trial, "the statement shall be accompanied with the certificate of the clerk of that fact." (Gen. Stats., sec. 3219.) And such certificate is sufficient authentication of the statement. But not so in case of a statement simply on appeal. In such case, whether there be any proposed amendments or not it seems that the judge or referee who tried the case may settle the statement, and, when settled, shall be signed by him with his certificate "that the same has been allowed and is correct," or "when the statement is agreed upon by the parties, they or their attorneys shall sign the same, with their certificate that it has been agreed upon and is correct. In either case, when settled or agreed upon, it shall be filed with the clerk." (Secs. 3354, 3355, 3357.)

It seems that statements on appeal must be authenticated by the judge or referee, or the parties or their attorneys, in the manner provided by statute as above shown, and that it is not sufficient, in such case, when no amendments have been filed, that the statement be accompanied with the certificate of the clerk of that fact, as it would be in case of statement on motion for new trial.

In dismissing the appeal, the court took it to be a fact that the statement was on motion for new trial, the statement not being before it, and, the clerk's certificate showing that no amendments had been filed thereto by respondents, no question as to the settlement of the statement occurred to the court. But, on the motion of appellant to restore the appeal, it appears that the statement is on appeal, and not on motion for new trial, and, under the provisions of the statute, it

being required that such statement must be signed and certified as above shown, by the court or referee, or the parties or their attorneys, and it appearing that the statement has not been thus or otherwise settled, the order dismissing the appeal was improvidently granted under a mistake as to the facts of the case.

Rule 2 of this court provides: "In all cases where an appeal has been perfected and the statement settled (if there be one) thirty days before the commencement of the term, the transcript of the record shall be filed on or before the first day of such term."

Rule 3. "If the transcript of the record be not filed within the time prescribed by rule 2, the appeal may be dismissed on motion during the first week of the term, without notice. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party." * * *.

It will be observed that only in case the appeal has been perfected, and the statement settled (if there be one) thirty days before the commencement of the term, may the appeal be dismissed on the ground that the transcript of the record has not been filed on or before the first day of such term. The statement not having been settled, we are of opinion that, under said rules, the appeal should not have been dismissed on the motion made by respondent's counsel.

It is therefore ordered that the appeal be restored.