[Crim. No. 104. First Appellate District.—December 4, 1907.]

## THE PEOPLE, Respondent, v. ANGELO NAPOLI, Appellant.

CRIMINAL LAW—NEW TRIAL—LOSS BY FIRE OF BILL OF EXCEPTIONS
OR STATEMENT—CONSTRUCTION OF STATUTE—APPEAL.—The act of
March 25, 1907 (Stats. 1907, p. 998), providing for the disposition
of actions and proceedings in which bills of exceptions and state-
ments on motion for a new trial have been lost or destroyed by
conflagration or other public calamity, has reference to a trial
court in which the action or proceeding is pending, in which a new
trial may be granted, and has no application where, after a new
trial has been denied, the case had been appealed to this court
before the loss occurred. In such case, the court below had lost
jurisdiction, and could not entertain a second motion for a new
trial; and an order refusing to grant a second motion was correct,
and must be affirmed.

APPEAL from an order of the Superior Court of the City
and County of San Francisco, denying a new trial. Carroll
Cook, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, P. J.—Defendant was convicted in the superior
court of the crime of murder in the second degree. He made
a motion for a new trial, which was denied, and he appealed
to this court from the order and judgment of conviction,
which appeal has never been disposed of. After the said ap-
peals had been perfected, and before the defendant's bill of
exceptions had been allowed and settled by the trial court, all
the records of the proceedings in said cause were destroyed by
the fire of April 18, 1906, and the record has never been
restored.

The defendant, in May, 1907, made a second motion for a
new trial under an act entitled "An Act providing for the

disposition of actions and proceedings in which bills of exceptions and statements on motion for a new trial have been lost or destroyed by conflagration or other public calamity,'' approved March 25, 1907 (Stats. 1907, p. 998). The court denied the said second motion, and this appeal is from the latter order.

The act provides: ''When any proposed bill of exceptions, or statement of the case on motion for a new trial, in action or proceedings, is lost or destroyed by reason of conflagration or other public calamity, and no other record of the proceedings upon the trial thereof can be obtained, and such action or proceeding is subject to review by motion for new trial, pending at the time of such loss or destruction, and it is by the court in which such action or proceeding is pending, deemed impossible or impracticable to restore such proceedings (and to settle a bill of exceptions or statement of the case containing such proceedings) so as to enable the court to review the judgment or order therein by motion for new trial, the court may grant a new trial of such action or proceeding if at the time of such loss or destruction a motion for new trial be pending therein, and such action or proceeding shall thereupon be tried anew. In order to grant such new trial, it shall be unnecessary to have any bill of exceptions or statement of the case settled, but upon the facts above recited being shown to the satisfaction of the court by affidavit or otherwise, the court shall have power in its discretion to grant such new trial.''

The act has reference to a trial court in which the ''action or proceeding is pending.'' It is therein provided that ''the court may grant a new trial of such action or proceeding if at the time of such loss or destruction a motion for a new trial be pending therein, and such action or proceeding shall thereupon be tried anew.''

After the superior court had denied the motion for a new trial, and the defendant had appealed, the motion was no longer pending in that court. That court had lost jurisdiction, and the action was then in the appellate court for review on questions of law. (*Peycke* v. *Keefe,* 114 Cal. 213, [46 Pac. 78]; *Vosburg* v. *Vosburg,* 137 Cal. 493, [70 Pac. 473].) It is not necessary to decide the question as to whether or not the act applies to civil cases only. It is sufficient to

say that in this case the order of the trial court was correct, and must be affirmed.

So ordered.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 2, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1908.