[No. 2092]

# JAMES GOLDEN, APPELLANT, *v.* H. A. McKIM, RESPONDENT.

## [141 Pac. 676]

1. APPEAL AND ERROR—APPEAL FOR DELAY—AFFIDAVIT.

Where appellant filed an affidavit that he had been taken seriously ill about the time the appeal was taken, and was confined to a hospital for about two months thereafter, and was not aware for about a year and a half that his appeal had not been duly prosecuted, and that he did not know, prior to that time, that he was without attorney in the supreme court, the court will not dismiss the appeal on the ground that it was taken for delay merely.

2. DAMAGES—LIQUIDATED DAMAGES—PENALTIES—CONSTRUCTION—CONTRACTS.

A stipulation in a contract for excavation and for removal of the material excavated, and the construction of a stone foundation wall for $1,156, that for the performance of the covenants the parties bind themselves each, and to the other, in $800 liquidated damages to be paid by the failing party, provides for a penalty for breach and not for liquidated damages, for the damages for a breach are capable of ascertainment with reasonable accuracy.

3. DAMAGES—LIQUIDATED DAMAGES—PENALTIES—CONSTRUCTION.

Though both parties to a contract sought to enforce a provision stipulating for a penalty as a stipulation for liquidated damages, the court must determine the nature of the stipulation, and, if it provides for a penalty only, will restrict both parties to actual damages sustained by a breach.

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by James Golden against H. A. McKim. From a judgment for defendant, plaintiff appeals. **Reversed and remanded for new trial.**

*Dixon & Miller,* for Appellant,

*J. A. Sanders,* for Respondent.

By the Court, NORCROSS, J.:

This is an action for damages for alleged violation of a written contract entered into between appellant and respondent. For a consideration of $1,156, to be paid therefor by respondent, appellant agreed to excavate to the depth of ten feet and to remove from a certain lot

on Main Street, in the town of Tonopah, all earth, rock, or other debris caused by such excavation and to construct a stone foundation wall of specified dimensions and of a prescribed character of stone and mortar. The contract was dated April 24, 1906, and it was agreed upon the part of appellant that the work should be completed within thirty days of the date of the contract. The contract also contained the following provision: "And for the true and lawful performance of each and all the covenants and agreements above mentioned, said parties bind themselves each, and to the other, in the sum of eight hundred dollars ($800.00) as liquidated damages to be paid by the failing party."

Plaintiff, appellant herein, alleged that he had nearly completed the work in accordance with the contract, and would have so completed it within the time agreed upon but for the alleged fact that on or about the 20th day of May, 1906, defendant wrongfully, and without cause, entered upon the premises and prevented plaintiff from completing the work. Plaintiff demanded judgment for the sum of $1,156, the contract price of the work, and in pursuance of certain allegations of damages resulting from injury to his reputation as a contractor, by reason of the acts of defendant, prayed that the $800 liquidated damages prescribed in the contract be allowed therefor, and further, in this connection, alleged: "That the said $800 was and is not a penalty or in the nature of a penalty, but was and is the actual damages liquidated and agreed upon by the said parties to the contract aforesaid."

Defendant denied the allegations of the complaint, excepting as to the execution of the contract; alleged in a cross-complaint that plaintiff failed to excavate the lot to the depth agreed upon or to construct the wall of the dimensions or with the kind of material agreed, so that he was compelled to further excavate the lot and to remove the wall constructed by plaintiff and to rebuild the same at an expense to himself of $1,500. Defendant alleged damage to his business by the delay occasioned by the breach of said contract in the sum of $1,000.

Judgment against plaintiff was demanded "for the sum of $1,344 damages for the breach of said contract, and the further sum of $800 liquidated damages as provided in said contract and costs of this action."

[1] Issue was joined in this case, by the filing of the answer, February 24, 1908. Trial, for some reason, was not begun until July 11, 1912. Decision was rendered August 14, 1912. Transcript on appeal was filed in this court October 11, 1913. Counsel for plaintiff who tried the case in the court below, upon filing the transcript, filed also with the clerk a notice that he did not represent the appellant further than in perfecting the appeal. No briefs were filed within the time allowed by the rules of this court. Subsequently on February 13, 1914, the firm of Dixon & Miller, upon written request of appellant, filed an appearance in the case on appeal. An affidavit of appellant was also filed setting forth that appellant was taken seriously ill about the time the appeal was taken, and was confined in a hospital for about two months thereafter, and was not aware until about the 11th of February, 1914, that his appeal had not been duly prosecuted; that he did not know prior to such time that he was without representation in this court. No counter affidavit was filed. The case has been briefed and orally argued upon the merits, and upon the question of a motion to dismiss upon the ground that the appeal has been taken for delay merely. In view of the affidavit of appellant, we would not, we think, be justified in dismissing the appeal upon the ground that it was taken merely for delay. There was certainly great delay in bringing the case on for trial, but it does not appear whose fault this was; nor is any question raised upon appeal relative to the delay in the lower court. The transcript contains nearly a thousand pages of testimony and is apparently entirely disproportionate to the issues involved in the case.

[2] The court filed a memorandum decision in the case August 14, 1912, which, in part, reads:

"Facts found: The facts are as stated in the affirmative

answer, counterclaim and cross-complaint of the defendant.

"Conclusions of law reached: That the defendant have judgment for the sum of $800 liquidated damages, and for his costs.

"Wherefore judgment may be entered accordingly. Counsel for defendant is hereby directed to prepare complete findings of fact and conclusions of law, and to submit the same for approval."

From the findings of fact and conclusions of law subsequently filed, we quote: "That by reason of plaintiff's failure to comply with the terms and conditions of said contract, the defendant in order to perfect the same according to its terms, after the time for the plaintiff to perform the same had expired, entered into the said premises and tore out the foundation attempted to be constructed by plaintiff and excavated the premises to the depth required by said contract and erected therein a foundation, and that by reason of plaintiff's failure to make said excavation and for the defendant to complete the same he was forced to pay the sum of $158.12, and to tear out the foundation he was forced to pay the sum of $108, making a total of $266.12. That the plaintiff excavated 379 cubic yards of dirt from said premises at a cost of $265.30, which was used and appropriated by the defendant. That the contract made and entered into on the 24th day of April, 1906, by and between the plaintiff and the defendant, in addition to the terms thereof, provides that for the true and lawful performance of each and all the covenants and agreements mentioned said parties bind themselves each and to the other in the sum of $800 as liquidated damages to be paid by the failing party."

We think it appears from the decision, and from the findings of fact and conclusions of law subsequently filed, that the court below based its judgment on the provisions in the contract for liquidated damages. Counsel for respondent in his brief quotes the following ruling upon objection made during the progress of the trial: "The objection is overruled, but the amount of damages claimed

will be disregarded except as to the $800 item; that is, no attention to be given to the $1,000 item."

Counsel for respondent, however, in his brief says: "At no time during the trial, nor does the evidence disclose that the court gave judgment for $800 as a penalty pure and simple, found the same from the different items of damages alleged by McKim to have accrued by reason of the breach of the contract."

This statement of counsel does not seem to be supported by the findings contained in the record. There is no finding of the amount defendant paid for the completion of the work according to the original contract. There is a finding that defendant paid out $158.12 to complete the excavation and an additional amount in the sum of $108 for tearing out the foundation constructed by plaintiff. This is virtually offset by the finding that defendant paid out $265.30 for excavating 379 cubic yards of dirt, "which was used and appropriated by defendant." There is no other finding upon which a judgment for defendant can be predicated excepting the finding relative to the provision in the contract for liquidated damages in the sum of $800.

It appears from the evidence that an oral agreement was reached between the plaintiff and defendant on or about the 19th of May, 1906; that on the last-named date the plaintiff commenced work on the excavation. It was understood that the contract was subsequently to be reduced to writing. The written contract was executed on the 24th day of May following. It does not appear from the evidence that, at the time the oral agreement was entered into or at the time the written agreement was executed, anything was said with reference to liquidated damages. With reference to this provision of the contract, the defendant testified: "The $800 would mean penalty for failing to comply with the provisions of that contract. Had he not completed it within thirty days, I would consider that he should give me $800 for failing to build a good and sufficient wall as named in that contract."

It is quite clear from the character of the contract and the circumstances of its execution that it is in effect a penalty. The damages specified are two-thirds as large as the whole contract price for the work and are entirely disproportionate to the breach. Ordinarily damages resulting from a breach of a contract of this kind are capable of being ascertained and estimated within a reasonable degree of accuracy. There is no showing of any special reason, understood by the parties at the time, why a provision for liquidated damages should be inserted in the contract.

"As to whether a sum agreed to be paid as damages for the violation of an agreement shall be considered as liquidated damages or only as a penalty is held to depend upon the meaning and intent of the parties as gathered from a full view of the provisions of the contract, the terms used to express the intent, and the peculiar circumstances of the subject-matter of the agreement." (13 Cyc. 90.)

"Where the damages are capable of being known and estimated, the sum fixed upon as damages will be treated as a penalty, although declared to be intended as liquidated damages. Where the parties have agreed on the amount of damages, ascertained by fair calculation and adjustment, and have expressed this agreement in clear and explicit terms, the amount so fixed will be treated as the true damages and not as a penalty; but, if the agreement be unconscionable, the court will not be bound by its terms as to the rule of damages. * * * Whatever the nature of the contract or the terms in which it has been expressed, the courts will as a rule construe the damages as a penalty, where they are capable of being accurately ascertained." (13 Cyc. 93–95.)

In *Richardson* v. *Jones & Denton*, 1 Nev. 408, this court said: "The law, however, only authorizes the recovery of the actual damage sustained upon the breach of a contract of this character; and if no actual damage is proven none can be recovered, though a breach of contract is

shown. The violation of an agreement in which a penalty for breach is specified does not, therefore, necessarily authorize a recovery of such penalty. In an action upon such an instrument the plaintiff should not only prove the contract and the breach by defendants, but in addition thereto it is necessary to establish actual damages resulting from such breach, or he can only recover a mere nominal sum."

See, also, *Fitzpatrick* v. *Cottingham*, 14 Wis. 219; Sedgwick on Damages, secs. 389–427.

[3] The fact that the plaintiff in his complaint sought to recover against defendant upon the provision of the contract for liquidated damages and specifically alleged "that the said $800 was and is not a penalty or in the nature of a penalty, but was and is the actual damages liquidated and agreed upon," ought not to prevent, we think, plaintiff being relieved from the imposition of the penalty, when it clearly appears from the evidence that the provision was intended, at the time of making the contract, as a penalty. The fact that the provision applied to both parties is in itself evidence that it was intended as a penalty. We might assume in this case that, each of the parties having sought to enforce this penal provision against the other, the court will not attempt to relieve either from its provisions. The true functions of the court, however, is to do justice between the parties, and that can only be done by restricting both to the rule of actual damages.

As the judgment in this case is based on a penalty provision in the contract rather than upon actual damages found, the judgment must be reversed, and a new trial ordered. As the evidence taken is voluminous and has been transcribed, doubtless at great expense, the parties should be permitted, if they so desire, to resubmit the case upon the evidence already taken for the purpose of having the same considered with the view of a determination of the amount of actual damages which either party may be entitled to.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

### ON PETITION FOR REHEARING

*Per Curiam:*

Petition for a rehearing denied.