[No. 2134]

SARAH BELLE SKAGGS, ADMINISTRATRIX OF THE
ESTATE OF THOMAS BRYANT, DECEASED, APPELLANT,
*v.* W. E. BRIDGMAN AND GERTRUDE BRIDG-
MAN, RESPONDENTS.

[154 Pac. 77; 159 Pac. 521]

1. APPEAL AND ERROR—MOTION TO DISMISS—TIME FOR FILING.
    That a motion to dismiss an appeal for noncompliance with
    supreme court rules 2 and 3, providing that the transcript of
    the record must be filed within thirty days after the appeal
    has been perfected and the statement settled, otherwise the
    appeal will be dismissed on motion without notice, was not
    filed until more than three terms had elapsed after the appeal
    was taken and the record filed in the supreme court, did not
    amount to a waiver of the right to make a motion; supreme
    court rule 8, providing that objections to the record affecting
    any right "which might be cured on suggestion of diminution
    of the record," not applying.

ON MOTION TO RESTORE APPEAL

1. APPEAL AND ERROR—STATEMENT—NEW STATEMENT—JURISDICTION.
    The supreme court has no power to make a new statement
    on appeal, which must be settled in the lower court, or to
    direct that court to make one, the statement having been
    settled as prescribed by statute; but any relief under the
    practice act, sec. 142 (Rev. Laws, 5084), by reason of mistake,
    inadvertence, surprise, or excusable neglect of appellant, must
    be had in the lower court; a motion for a new trial there
    made having never been determined.

2. APPEAL AND ERROR—DISMISSAL—RESTORATION.
    An appeal dismissed for noncompliance with supreme court
    rules 2 and 3 will not be restored, where no purpose would be
    served, the record presenting for consideration only the
    judgment roll showing no error.

APPEAL from the Fourth Judicial District Court, Elko
County; *Edward A. Ducker,* Judge.

Action by Sarah Belle Skaggs, administratrix of the
estate of Thomas Bryant, deceased, against W. E.
Bridgman and another. From judgment for defendants,
plaintiff appeals, and defendants move to dismiss the
appeal. **Motion granted.**

*W. W. Griffin,* for Appellant.

*Carey Van Fleet* and *Chas. R. Lewers,* for Respondents.

By the Court, NORCROSS, C. J.:

This is a motion to dismiss the appeal for noncompliance with the provisions of rules 2 and 3 of the supreme court. Notice of appeal in this cause was filed in the court below on the 7th day of July, 1913. On the 12th day of August, 1913, the clerk of the court below attached his certificate to the record on appeal. The record was filed in this court on the 22d day of July, 1914. On the 27th day of February, 1915, the court, upon application therefor, made an order for substitution of attorneys for appellant. Thereafter, and on the 20th day of September, 1915, counsel for appellant filed a brief upon the merits. Thereafter, and on the 5th day of October, 1915, counsel for respondent Garrecht filed and served a written notice of motion to dismiss the appeal. At the time of filing the motion to dismiss, a certificate of the clerk of the court below, as required by subdivision 2 of rule 3, was also filed. The motion to dismiss was heard on the 4th day of November, 1915. The only objection to the motion to dismiss upon the part of counsel for appellant is based upon the provisions of rule 8, and the case of *Kirman* v. *Johnson*, 30 Nev. 146, 93 Pac. 500, 96 Pac. 1057, is relied upon to sustain their contention that the motion to dismiss comes too late. Rules 2, 3, and 8 provide:

Rule 2. "The transcript of the record on appeal shall be filed within thirty (30) days after the appeal has been perfected and the statement settled, if there be one."

Rule 3. "1. If the transcript of the record be not filed within the time prescribed by rule 2, the appeal may be dismissed on motion without notice. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party; and, unless so restored, the dismissal shall be final and a bar to any other appeal from the same order or judgment."

Rule 8. "Exceptions or objections to the transcript, statement, * * * or any other technical exception or objection to the record affecting the right of the appellant to be heard on the points of error assigned, which might be cured on suggestion of diminution of the record,

must be taken at the first term after the transcript is filed, * * * or they will not be regarded."

We are unable to see how the provisions of rule 8 could have any possible bearing upon the motion here in question. No objection is made to the transcript or record upon appeal "which might be cured on suggestion of diminution of the record." The motion to dismiss deals solely with the question of the applicability of rules 2 and 3 to the fact that more than three terms elapsed after the appeal was taken and the record certified to before the same was filed in this court. Prior to the amendments of rules 2 and 3 by amendment of October 25, 1911, it was provided in rule 3:

"If the transcript of the record be not filed within the time prescribed by rule 2, the appeal may be dismissed upon motion during the first week of the term without notice."

In *Robinson* v. *Kind*, 25 Nev. 273, 59 Pac. 863, 62 Pac. 705, this court considered, but did not decide, whether a failure to make a motion to dismiss "during the first week of the term" would amount to a waiver of the right to make such motion. The rule as it now reads places no limitation upon the time within which a motion to dismiss for failure to comply with the provisions of rule 2 may be made. We see no reason for holding, and none has been urged, that the motion to dismiss is not in time. Where there has been a failure to comply with the provisions of rule 2, a motion to dismiss, supported by proper certificate of the clerk, would ordinarily be granted as a matter of course. We need not now consider whether, upon a consideration of a motion to dismiss, notice of which has been given, the appellant making a showing that would warrant a restoration of a dismissed appeal, the order for that reason should be denied, as no such showing has been made.

The motion to dismiss the appeal should be granted, subject to the right of appellant, upon good cause shown (*Lightle* v. *Ivancovich*, 10 Nev. 41, 43), to move to restore

the appeal under the provisions of rule 3 during the next succeeding term.

It is so ordered.

### ON MOTION TO RESTORE APPEAL

By the Court, NORCROSS, C. J.:

**1, 2.** This court heretofore dismissed the appeal in the above-entitled cause for noncompliance with the provisions of rules 2 and 3 of this court, subject to a motion to reinstate as prescribed in said rule 3. A motion to restore the appeal has been made. In *Lightle* v. *Ivancovich*, 10 Nev. 41, 43, this court said:

"As this is the first case where an interpretation has been given to these rules, we deem it proper briefly to state that we entertain the opinion that all applications to reinstate appeals must show that appellant has used reasonable diligence in procuring, or attempting to procure, the transcript on appeal, and if he fails to present the same in this court within the time prescribed by rule 2, his affidavit must present sufficient facts to constitute a legal excuse for the delay, and, in addition to the statement 'that the appeal has been taken in good faith,' it should also show that in the opinion of appellant's counsel 'there are substantial errors in the record which ought to be corrected by this court.' (*Hagar* v. *Mead*, 25 Cal. 600; *Dorland* v. *McGlynn*, 45 Cal. 18.)"

The appeal in this case is from the judgment alone, and it is conceded that the record certified from the court below as the record on appeal would present only the judgment roll for consideration, and that no error appears upon the face of the judgment roll.

Counsel for appellant has, however, filed with the clerk of this court what is alleged to be the transcript of the testimony in the case, together with certain exhibits, and we are asked virtually, either to make a new record on appeal ourselves, or to direct the court below to do so. This request is based upon the provisions of section 142 of the practice act (Rev. Laws, 5084) authorizing the

relief of a party from some proceeding taken against him "through his mistake, inadvertence, surprise, or excusable neglect." The record certified to this court was made by former counsel for appellant. It appears that appellant has been represented in the court below and in this court at various times by different attorneys and firms of attorneys.

The affidavit of appellant and the affidavit of one of her former counsel set forth alleged facts justifying, according to the contention of counsel now appearing for appellant, some relief to appellant whereby her case could be heard upon its merits in this court. The case upon an appeal from the judgment alone could only be heard and determined in this court upon a statement on appeal or a bill of exceptions. Whichever method is pursued, the statement or bill must be settled in the court below. A statement was settled in the way prescribed by the statute, and we now have no power to make a new statement or to direct the court below to make a new and different one.

It appears from the affidavits filed that a motion for a new trial was made in the court below, which motion has never been submitted to the court below, and hence has never been determined. If the plaintiff in the action is entitled to any relief by reason of mistake, inadvertence, surprise, or excusable neglect, we think the only forum to appeal for such relief is in the court below.

As no purpose could be served by restoring the appeal, the motion should be, and is, denied.