[No. 2498]

GIOVANNI BOTTINI, RESPONDENT, *v.* LOUIS MON-
GOLO, JOHN GOTALLI, ANTONIO SEMENZA,
DOMENICO DAPOLI, JOHN AVANSINO, L. M.
CHRISTIANSON, JOHN MURRAY, JAMES
LYON, BENJAMIN BARBASH, LOUIS COHN;
MARY SILVEY (NOW KNOWN AS DORA SILVEY)
AND HER HUSBAND, JOHN A. SILVEY; MAR-
TINUS JENSEN, FRITZ NIEBUHR, PAUL
S. GREELEY, ALESIO CAPURRO; AUGUST
PETERSON, AND ANNA M. PETERSON, HIS
WIFE; HERBERT FLEISHACKER, AGGIE
HALL SCHEELINE, HARRY HALL SCHEE-
LINE, AND AGGIE HALL SCHEELINE AND
HARRY HALL SCHEELINE, JOINT EXECUTORS
OF THE ESTATE OF MORITZ SCHEELINE, DECEASED,
APPELLANTS.

[197 Pac. 702; 200 Pac. 451]

1. APPEAL AND ERROR — SUPREME COURT'S OPINION AS TO PRO-
PRIETY OF REFUSAL TO SETTLE BILL OF EXCEPTIONS, LAW OF
CASE ON APPEAL FROM ORDER REFUSING TO SETTLE PROPOSED
BILL OF EXCEPTIONS.

Supreme court's opinion, on dismissal of appeal from the
judgment and the order denying a new trial, as to propriety
of lower court's refusal to settle proposed bill of exceptions,
is the law of the case on appeal from the order of refusal
to settle the proposed bill of exceptions.

APPEAL from Second Judicial District Court, Washoe
County; *Edward F. Lunsford,* Judge.

Action by Giovanni Bottini against Louis Mongolo and
others. From an order refusing to settle a proposed
bill of exceptions, defendants appeal. **Appeal dismissed.
Petition for rehearing denied.**

*McCarran & Mashburn,* for Appellants:

There is no analogy between the questions raised in
the previous appeal and those in the present one. Where
an order denying a new trial is conditional, and pro-
vides that if a party do a thing motion will be granted,
but if not it will be denied, and an order is later made

after the party moves, the last order is the one from which time to appeal begins to run. Swanson v. Andrus, 87 N. W. 363; Bank of Mobile v. Hall, 41 Am. Dec. 41; Goldfield-Mohawk v. Leasing Co., 31 Nev. 350.

An erroneous decision by a court of review, or by a nisi prius court, will not constitute a basis upon which the law of the case will be determined in a subsequent appeal. Rutherford v. Lafferty, 7 Ark. 402; Hastings v. Foxworthy, 45 Neb. 676; Worrall v. Munn, 53 N. Y. 185; Cluff v. Day, 141 N. Y. 580; Kempner v. Ruddleston, 37 S. W. 1066; Railroad v. Faber, 77 Tex. 153.

Where the question decided in a former appeal had not been submitted therein, the same may be properly reviewed on a second appeal. Green v. Springfield, 130 Ill. 520; Adamson v. Sundby, 51 Minn. 460; Wheeler v. Bolton, 92 Cal. 159; People v. Thompson, 46 Pac. 912; Sharon v. Sharon, 79 Cal. 633; Mahan v. Wood, 44 Cal. 462.

*Huskey & Kuklinski,* for Respondent:

Refusal to settle a bill of exceptions is not an appealable order; exclusive remedy is mandamus. Brode v. Goslin, 158 Cal. 699; Tibbets v. Riverside B. Co., 97 Cal. 258; Railroad v. Read, 110 Ark. 296; State v. Dupree, 81 N. E. 678; Priddy v. Hayes, 204 Mo. 358; State v. Moran, 37 Nev. 404; Floyd and Guthrie v. District Court, 36 Nev. 349; State v. District Court, 13 Mont. 370; Griffin v. Howell, 38 Utah, 357.

Writ of mandate, however, should not issue. "A mandamus will not be ordered to compel a justice to settle a bill of exceptions in a particular manner, where there is a dispute as to the incidents of the trial. His determination as to what occurred upon the trial is conclusive on such an application." People v. Pearson, 3 Ill. 189. "A judge * * * who has exercised his discretion in refusing to settle a bill of exceptions not presented to him within the time prescribed by law, owing to the mistake or excusable neglect of appellant's attorneys, cannot be compelled so to do by writ of mandate,

conceding that he has the power to relieve against such mistake. * * *'' Stonesifer v. Armstrong, 86 Cal. 594; Hicks v. Marten, 101 Cal. 651.

In deciding the motion to dismiss in the previous appeal, the court necessarily had to pass on the order refusing to settle the bill of exceptions. The record showed that the time for the presentation of the bill of exceptions had expired; and without a showing made by appellants in the manner provided by the legislature, the trial court had no right to settle the bill of exceptions. "The court cannot allow and sign a bill of exceptions after the statutory period unless the time is extended as provided by statute." Wardnock Ins. Agency v. Peterson R. E. Co., 35 Utah, 542; 8 Dec. Digest, 1569. "It is the province of the trial judge to settle a question of fact as to whether a bill of exceptions was filed within the statutory period, and the exercise of his discretion will not be disturbed where the evidence is conflicting." Kawalsky v. Kerrigan, 134 Cal. 590; 3 Cyc. 344; 4 C. J. 841.

By the Court, Sanders, C. J.:

This appeal is taken from an order of refusal of the trial judge to settle a proposed bill of exceptions prepared, served and filed after a motion for a new trial had been determined, and after an appeal from the judgment and order denying a new trial had been perfected.

On the 12th day of May, 1921, this court made and caused to be entered its order dismissing the appeals taken from the judgment and order denying a new trial in this action. Bottini v. Mongolo, 45 Nev. 245, 197 Pac. 702. In passing upon the motion to dismiss the appeals it became necessary for the court to review and to consider the order now appealed from. Our conclusion upon the former appeals with reference to the order of refusal of the trial judge to settle the bill of exceptions was that appellants were not entitled, under the particular facts, to have their bill of exceptions

settled. It is conceded, or must be conceded, that no other or different question is presented for determination by this appeal. The result is that our opinion upon the motion to dismiss the former appeals becomes the law of the case and is binding upon this appeal. Had counsel been dissatisfied with the reasoning and the conclusion reached, they should have petitioned for a rehearing. This they did not do. The objection, therefore, of respondent to the consideration of this appeal must be sustained, and the appeal is dismissed.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.