[No. 2092]

## JAMES GOLDEN, APPELLANT, *v.* H. A. McKIM, RESPONDENT.

[204 Pac. 602]

1. APPEAL AND ERROR—STATUTE HELD NOT TO PROVIDE FOR RETENTION OF JURISDICTION BY SUPREME COURT UNTIL FILING OF REMITTITUR WITH CLERK OF LOWER COURT.

 Rev. Laws, 5361, providing that party to whom costs are awarded by appellate court may have an execution therefor on filing a remittitur with the clerk of the court below, does not provide for retention by supreme court of jurisdiction until a remittitur is filed with the clerk of the lower court; the sole purpose of the statute being to fix the conditions upon which an execution may be demanded by one who recovers costs in the supreme court.

2. COURTS—RULE OF SUPREME COURT HAS SAME FORCE AS STATUTE.

 A rule of the supreme court has the same force and effect as a statute.

3. RECORDS—CLERK OF LOWER COURT PRESUMED TO HAVE FILED REMITTITUR RECEIVED.

 Clerk of lower court, having received remittitur without objection or protest, will be presumed to have received it for filing, and to in fact have filed it.

4. RECORDS—DOCUMENT IS "FILED" WHEN DEPOSITED WITH AND RECEIVED BY PROPER OFFICER FOR FILING, WITH PAYMENT OF NECESSARY FEE IF DEMANDED.

 The placing of a document in a proper receptacle, with a file number or other notation of it having been filed, is not a condition precedent to the filing thereof, but the document is filed when it is deposited with and received by the proper officer for filing, and the necessary fee is paid, if demanded; the placing of document in proper receptacle with a file number or other notation being merely evidence of its having been filed.

5. RECORDS—DUPLICATE REMITTITUR OR NEW REMITTITUR NUNC PRO TUNC NOT ISSUED WHERE REMITTITUR WAS FILED WITH CLERK OF LOWER COURT, BUT HAS BEEN LOST.

 Where remittitur was filed with clerk of lower court, but could not be found among the records and files of the court, a duplicate original remittitur or a new remittitur nunc pro tunc will not be issued by the supreme court.

APPLICATION for order directing clerk to issue duplicate original remittitur or a new remittitur nunc pro tunc. **Application denied.** (SANDERS, C. J., not participating.)

*J. B. Dixon,* for Appellant:

The issuing of a remittitur does not divest the supreme court of jurisdiction of the cause. It must be delivered to the clerk of the lower court, by him received for filing, and it must be regularly filed and entered in the record book of his office. The lower court does not reacquire jurisdiction of the cause until the remittitur has been regularly filed and entered in the court records. Burkle v. Luce, 1 N. Y. 239; Martin v. Wilson, 1 N. Y. 240; Hosack v. Rogers, 7 Paige, 108; Judson v. Gray, 17 How. Pr. 289; Grogan v. Ruckle, 1 Cal. 193; Mateer v. Brown, 1 Cal. 231; Roland v. Kreyenhagen, 24 Cal. 52; 2 Hayne, sec. 293.

A paper is filed when it is delivered to the proper officer and by him received for filing. Papers left in the clerk's office and not accepted by him as part of the record are not filed as required by law. 15 C. J. 973.

"The power to order the restoration of a lost or destroyed record is vested exclusively in the court whose record it is, and therefore the application must be made to that court." 19 Am. & Eng. Ency. Law, 560.

Courts have inherent power to restore their lost and destroyed records. 13 Ency. Pl. & Pr. 372, 15 C. J. 406, 34 Cyc. 607, 8 Am. & Eng. Ency. Law, 28, 19 Am. & Eng. Ency. Law, 559, 17 Ency. Pl. & Pr. 914.

By the Court, COLEMAN, J.:

This is an application for an order directing the clerk of this court to issue "a duplicate original remittitur or a new remittitur, nunc pro tunc." The application is based upon the ground that the original remittitur has been lost, and cannot be found among the records and files of the trial court, and for the further reason that it was never filed with the clerk of said court.

The files of this court show that a remittitur issued herein on the 14th day of April, 1916; that the clerk mailed the same to the clerk of the trial court, and

thereafter received a receipt therefor from the clerk of said trial court.

This is a case in which the respondent recovered a judgment in the trial court, which was reversed on appeal to this court, the opinion having been filed June 22, 1914 (37 Nev. 205, 141 Pac. 676). A duly verified cost bill was filed with the clerk of this court on July 2, 1914, wherein appellant claims costs in the sum of $416.12. The nature of the present application presupposes the proper issuance of the remittitur on April 14, 1916.

Counsel for appellant contends that this court still has jurisdiction of the case, and hence should order the clerk to issue another remittitur. To sustain this contention our attention is directed to section 5361 of Revised Laws of 1912, which reads:

"Whenever costs are awarded to a party by an appellate court, such party may have an execution for the same on filing a remittitur with the clerk of the court below. * * *"

1. It is appellant's theory that this court does not lose jurisdiction until a remittitur is filed with the clerk of the lower court, and it is said that the statute just quoted sustains this view. We do not take this view of the statute. The sole purpose of the statute in question is to fix the conditions upon which an execution may be demanded by one who recovers costs in this court. This does not seem to be debatable. But, if counsel's contention be correct, we think the showing made justifies the conclusion that the remittitur which was issued was in fact filed with the clerk of the lower court. Section 5360 of the Revised Laws reads:

"When judgment is rendered upon the appeal, it shall be certified by the clerk of the supreme court to the clerk with whom the judgment roll is filed or the order appealed from is entered. In cases of appeal from the judgment, the clerk with whom the roll is filed shall

attach the certificate to the judgment roll and enter a minute of the judgment of the supreme court on the docket against the original entry. In cases of appeal from an order, the clerk shall enter at length, in the records of the court, the certificate received, and minute· against the entry of the order appealed from a reference to the certificate, with a brief statement that the order has been affirmed, reversed, or modified, as the case may be, by the supreme court on appeal."

Rule 16 of this court reads:

"Where a judgment is reversed or modified, a certified copy of the opinion in the case shall be transmitted, with the remittitur, to the court below."

2-4. This statute and the rule, which has the same force and effect as a statute, make it the duty of the clerk to transmit a remittitur to the clerk of the lower court after final disposition of a case appealed, and the statute mentioned imposes upon the clerk of the lower court certain duties upon receiving such a remittitur. The clerk of the lower court actually received the remittitur in this case, transmitted a receipt therefor to the clerk of this court, and, so far as appears, actually placed thereupon his indorsement of its having been filed. As to this, however, there is no showing one way or the other; but, having received it without objection or protest, we are justified in presuming that he received it for filing, and in fact did file it. The fact that it was afterwards mislaid or lost does not alter the situation. The placing of a document in a proper receptacle, with a file number or other notation of it having been filed, is not a condition precedent to the filing thereof. Such acts are only evidence of its having been filed. A document is filed when it is deposited with and received by the proper officer for filing, and the necessary fee is paid, if demanded. Hook v. Fenner, 18 Colo. 283, 32 Pac. 614, 36 Am. St. Rep. 277; Hilts v. Hilts, 43 Or. 162, 72 Pac. 697; Wilkinson v. Elliott, 43 Kan. 50, 23 Pac. 614, 19

Am. St. Rep. 158; Manhattan Co. v. Laimbeer, 108 N. Y. 578, 15 N. E. 712; Beebe v. Morrell, 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 288; 19 Cyc. 529.

It is said in 25 C. J. at page 1124:

"The word 'filed' has a well-defined meaning, signifying delivery to the proper officer and by him received to be kept on file."

5. When the conditions we have mentioned have been complied with, all has been done that can be done by one desiring to file a document. The act of placing a file number upon it, marking it filed, placing it in a proper receptacle, recording it, or doing whatever else may be necessary, devolves upon the public official. He is elected and paid for performing the duties of the office, and is presumed to do his duty. When a person desiring to have a document filed has done all that he can do to accomplish that purpose, and the officer actually accepts the document for filing, it would be contrary to public policy to hold that it is not filed. To do so would be to put a premium on carelessness, to say the least. It is clear that, when the clerk of this court made out the remittitur, and transmitted it to the clerk of the lower court, he did all that he could do, and it is evident that, when the clerk of the lower court receipted for it, he did so with the purpose and intention of making disposition of it as required by law. This, we think, disposes of the contention made. We do not deem it our duty to point out a remedy. For the reason given, the application should be denied.

We do not wish to be understood as holding that before this court loses jurisdiction the remittitur must be actually filed. There is respectable authority to the contrary. Fischer v. Lukens, 41 Cal. App. 360, 182 Pac. 967. We do not find it necessary to determine the point.

Incidentally, we think it well to call attention to the fact that the records and files show that the opinion reversing the judgment in this case was filed on June 22, 1914. The cost bill was not filed until July 2, 1914, whereas rule 7, as it then read, provided that it be filed

and served within five days after the decision of a case. Furthermore, there is no proof that a copy of the cost bill was ever served.

Application denied.

SANDERS, C. J., not participating.