## BAER *v.* LILENFELD

No. 3042

February 6, 1934.                    28 P. (2d) 1038.

*G. Gunzendorfer* and *John S. Sinai,* for Appellant.

*James T. Boyd* and *Fernand de Journel,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

This is a motion to restore the appeal in this case. The appeal was from the judgment, and it was dismissed on October 11, 1933, upon the ex parte motion of respondent under subdivision 1 of rule 3 of this court. That part of the rule provides: "If the transcript of the record on appeal be not filed within the time prescribed by Rule II, the appeal may be dismissed on motion without notice. On such motion there shall be presented the certificate of the clerk below, under the seal of the court, certifying the amount or character of the judgment; the date of its rendition; the fact and date of the filing of the notice of appeal, together with the fact and date of service thereof on the adverse party, and the character of the evidence by which said service appears; the fact and date of the filing of the undertaking on appeal, and that the same is in due form; the fact and time of the settlement of the bill of exceptions, if there be one; and also that the appellant has received a duly certified transcript, or that he has not requested the clerk to certify to a correct transcript of the record; or, if he has made such request, that he has not paid the fees therefor, if the same have been demanded. The appeal may also be dismissed, upon good cause shown, on notice to the opposite party."

Appellant's motion to restore the appeal is made under subdivision 2 of said rule, which provides: "A cause dismissed without notice may be restored during the same term, upon good cause shown, on notice to the opposite party."

The motion is supported by an affidavit made by appellant's counsel. In this affidavit, which is quite lengthy, it is averred that the appeal was improvidently dismissed. There is also alleged in the affidavit matters for the purpose of showing that, if the transcript of the record on appeal was not filed within the time required by rule 2 of this court, it was due to excusable neglect.

The certificate of the clerk, made on the 28th day of September, 1933, presented by respondent, upon which the appeal was dismissed, shows that the judgment was rendered on the 3d day of July, 1933; that a notice of appeal was filed and served in the case on the 17th day of July, 1933; that the undertaking on appeal and an undertaking to stay execution in due form were filed in said cause, on the same day; that no bill of exceptions was ever filed in said cause or presented for filing; that no transcript of the record has ever been presented to said clerk for filing; and that no person has ever requested him to certify to a transcript of the record. It appears from the affidavit that appellant filed in support of his motion to restore the appeal that the court rendered its decision in the case on the 21st day of June, 1933; that appellant served and filed his notice of intention to move for a new trial on the 1st day of July, 1933; that ten days later he filed and served a notice of appeal from the judgment as well as from the order denying the motion for a new trial, and on the same day served and filed an undertaking on appeal and an undertaking to stay execution of the judgment; that within due time after service of notice of the order denying appellant's motion for a new trial made on the 27th day of September, 1933, he procured successive orders from the district judge who tried the cause, whereby his time to prepare, serve, and file in the district court his bill of exceptions on appeal from the judgment and order denying his motion for a new trial was extended to the 11th day of December, 1933, on which latter date the record on appeal, comprising the judgment roll and bill of exceptions, was served and filed in the cause.

1, 2. We think it is clear that appellant was in default for not having filed a transcript of the record on appeal under the requirements of rule 2 of this court when the appeal was dismissed. The rule provides: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled."

There was no bill of exceptions settled in connection with the first appeal from the judgment, and seventy-three days had expired from the 17th day of July, 1933, when that appeal was perfected, before the motion to dismiss was filed in this court. Eighty-five days had elapsed when the appeal was dismissed. The taking of the second appeal, and the steps taken by appellant in connection therewith in regard to a bill of exceptions, indicate that he did not intend to file any transcript of the record on appeal as to the first appeal taken from the judgment. This conclusion is fortified by the statement in his affidavit that the first appeal was perfected under the stress of the moment on account of the action of respondent's counsel in trying to execute the judgment.

As no bill of exceptions was filed and settled in connection with the first appeal, appellant had been in default under rule 2 for failure to file a transcript of record on appeal for a period of fifty - five days when the appeal was dismissed by this court. The appeal therefore was not dismissed improvidently. We see no ground for restoring it on the score of excusable neglect.

The motion to restore the appeal is hereby denied.