# BAER *v.* LILENFELD

No. 3067

April 30, 1934.                    31 P. (2d) 1037.

*G. Gunzendorfer,* for Appellant.

*Boyd & De Journel,* for Respondent.

## OPINION

*Per Curiam:*

On October 11, 1933, on ex parte motion this court dismissed a former appeal from the judgment now appealed from and refused to reinstate the case on motion of appellant [see Baer v. Lilenfeld, 55 Nev. 194, 28 P. (2d) 1038], in which the former appeal was pending, and on September 30, 1933, the appellant took another appeal from the judgment and also took an appeal from an order made on September 25, 1933, denying appellant's motion for a new trial.

1. Respondent has made a motion to dismiss both of

these appeals. The motion to dismiss the appeal from the judgment is based upon two grounds. We think we need consider only the one which is based upon rule III, par. 3, of this court, which provides that a dismissal of an appeal from a judgment shall be final, and a bar to any other appeal, unless the appeal is restored after such dismissal. No discretion is vested in the court in this matter. The appeal of September 30, 1933, from the judgment should be dismissed.

The motion to dismiss the appeal from the order denying a new trial is based upon two grounds, but we need consider only one, namely, that the transcript of the record on appeal does not contain a motion for a new trial.

The transcript of the record shows that on July 1, 1933, counsel for appellant served upon counsel for respondent a notice of intention to move for a new trial, wherein eleven grounds are enumerated as being the ones upon which "defendant above-named (appellant) intends to and will move the above-entitled court for a new trial." The record fails to contain the motion which was actually made, but it does contain a general order denying the motion for a new trial.

2. It is settled in this state that when the record fails to contain the motion for a new trial, which was denied, we cannot determine whether or not the trial court erred in denying the motion, and hence the appeal from such an order should be affirmed. Brearley v. Arobio, 54 Nev. 385, 12 P. (2d) 339, 19 P. (2d) 432.

3. But counsel for appellant contends that since the notice of intention to move for a new trial states eleven grounds, we must presume that the motion embraced all of the grounds therein enumerated. We cannot agree with this contention.

The supreme court of California, in People v. Ah Sam, 41 Cal. 645, said, in speaking of just such a question: "The form of the application filed would not be evidence to us of the application or motion actually made."

In Herrlich v. McDonald, 80 Cal. 472, 22 P. 299, the court, in considering a like question, said:

"It appears that a notice was given that on a certain day a motion would be made to recall and set aside the execution on certain grounds stated; but no such motion appears in the transcript, nor is it shown in any proper way that any such motion was made. The grounds of the motion, if one was made, do not appear in any way. The notice was that the defendant would make such a motion on certain grounds, but whether she did make it or not on those or any other grounds is left wholly to conjecture. We presume the appellant expects us to infer that because she said she would make the motion she did make it. The only thing tending to show that a motion was made is a recital in the order appealed from that the 'cause came on to be heard this day on defendant's motion to vacate and set aside writ of execution issued December 31, 1886.' There is no bill of exceptions, and the certificate of the judge as to what papers were used recites that 'upon the motion to recall execution in the above-entitled action the following papers were read and referred to.' Neither of these show that a motion was actually made, but, if they did, the grounds upon which it was made nowhere appear. This being the state of the record, we might properly affirm the order on the ground that no error is made apparent. The practice in this respect seems to be extremely loose. Counsel seem to confound the notice of motion with the motion itself. The notice is not a motion, and should not be so treated. The careful practitioner will either prepare and file his motion in writing, stating the grounds thereof, or have the same entered in the minutes. This is not necessary, however. The motion may be made orally; but in every case, whether the motion is made in writing, entered on the minutes, or stated orally, the same should be preserved by a bill of exceptions and brought to this court in that way, on appeal, so that we can see from the record that a motion was made."

We can find no authority taking a contrary view. We

think it imperative that the motion as actually made, if one was made, must appear in the record to enable us to determine if the trial court committed error.

It follows from what we have said that the appeal from the judgment must be dismissed and that the order denying the motion for a new trial must be affirmed.

It is so ordered.

### ON PETITION FOR REHEARING

June 18, 1934.

*Per Curiam:*

Rehearing denied.