# CITY OF FALLON *v.* CHURCHILL COUNTY BANK MORTGAGE CORPORATION

No. 3114

September 12, 1935.                    40 P. (2d) 358.

*George J. Kenny* and *H. R. Cooke,* for Respondent:

*Eli Cann,* for Appellant:

## OPINION

By the Court, COLEMAN, J.:

This matter is before the court on the motion of respondent to strike from the files and records of the court the document filed by appellant and designated "Bill of Exceptions," upon the ground that the same was never filed in the lower court.

Section 9398 N. C. L. provides that a party to an action may serve and file a bill of exceptions. The same section contemplates that a transcript of the proceedings, certified, may be filed in lieu of a bill of exceptions. Paragraph 2, section 8829 N. C. L. also contemplates the filing of a bill of exceptions. Counsel for appellant, upon the hearing, did not contend that it is not necessary that a document, to become a bill of exceptions, be filed. It was his contention that the document in question was in fact filed with the clerk of the lower court, and that it remained in his possession until about the time it was filed in this court.

It is the universal practice in this jurisdiction, so far as we recall, for the clerk of the trial court to indorse upon a bill of exceptions, when filed, a memorandum of its filing and the date thereof, and sign it as such clerk. There is no such indorsement upon the document in question, and there is no showing of any kind, except the bare statement above mentioned, of such filing. In

opposition to the statement made, counsel for respondent exhibited a letter from the clerk of the lower court stating that no bill of exceptions had been filed in his office in the matter. Neither of these unsupported statements can be considered. It is the general rule that it must appear from the record that the bill of exceptions, if any, is filed within the time fixed by law. 4 C. J. 61.

■ It not appearing that the bill of exceptions was filed in the lower court, it necessarily follows that the motion to strike must be granted.

■ Upon the hearing of the above matter counsel for appellant tendered for filing two copies designated "Judgment Roll." No notice was given of the proposed offer, nor was any showing made as a basis for such offer, and counsel for respondent objected thereto. Rule II of this court provides that transcript of record on appeal, when there is no bill of exceptions in the case, shall be filed within thirty days after the appeal is perfected. There is no showing when the appeal was perfected, other than what appears in the so-called "Bill of Exceptions," nor any showing of any kind as a basis even for the consideration of the offer by the court. If we accept the showing in the so-called "Bill of Exceptions," the time for filing a judgment roll had expired long prior to the making of the tender mentioned.

■ Counsel for appellant direct our attention to rule VII of this court relative to the correction of errors or defects in the transcript on file; also to numerous decisions of the court. Neither the rule nor any of the decisions are in point. The rule in question clearly contemplates the correction of defects and errors of a transcript properly filed, and filed within the time limit. There being no bill of exceptions before us, nor a judgment roll, there is nothing to correct or amend. Had there been a motion, on due notice, to file the judgment roll, supported by an affidavit showing excusable neglect, or other satisfactory grounds, a different situation would be presented.

Counsel call our attention, also, to Shirk v. Palmer, 48

Nev. 449–451, 232 P. 1083, 236 P. 678, 239 P. 1000. In that case there was a motion to dismiss the appeal; but there was not attack upon the bill of exceptions when that motion was made, and the first opinion in that case treated the record as having a bill of exceptions, properly settled, containing all of the pleadings, judgment, notice of motion for a new trial, etc. Hence that opinion is not in point here. It will appear from a later opinion in that case (48 Nev. 451 to 457, 236 P. 678) that after the first opinion was filed a motion was made to strike the bill of exceptions. The distinguishing feature between the situation presented on the first hearing in the Shirk-Palmer case, and in this matter, is that in it counsel for respondent treated the so-called bill of exceptions, which contained all the pleadings, etc., as being properly before the court, whereas in this matter respondent attacks the only document on file, which we hold has no place in the record, hence the appellant is in default and has nothing here as a basis for correction or amendment. In the Shirk-Palmer case we took the position that since there was a bill of exceptions in the record, there was a record that might be amended pursuant to the statute mentioned, but we cannot correct or amend a record which must be stricken.

It is true, as contended by counsel, that the court is reluctant to make any order which will prevent the hearing of an appeal upon its merits, but we cannot go to the length of ignoring the rules of procedure in doing so.

There being no showing, the offer must be denied.

It is ordered that the "Bill of Exceptions" be stricken. It is also ordered that appellant's tender of the judgment roll be denied.

ON MOTION TO PERMIT APPELLANT TO FILE CERTIFIED
COPY OF JUDGMENT ROLL

November 5, 1935.                                  50 P. (2d) 944.

*Eli Cann,* for Appellant:

*George J. Kenny* and *H. R. Cooke,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This case is now before us on a motion, duly noticed, to permit appellant to file herein a certified copy of the judgment roll. Heretofore we ordered stricken from the files a purported bill of exceptions. On the hearing of the motion to strike the bill of exceptions, counsel for appellant tendered for filing a certified copy of the judgment roll. This was after the time allowed for the filing thereof had expired. Such tender was not based upon a motion duly noticed and supported by any showing whatever of excusable neglect. We refused to permit it to be filed. 57 Nev. 1, 49 P. (2d) 358.

■ The affidavit in support of the present motion sets forth why the purported bill of exceptions, ordered stricken, was not filed as provided by law. No fact, or purported fact, is set forth in said affidavit tending to excuse appellant for not filing the judgment roll within the time fixed by law. An appeal may be taken on the judgment roll alone, or upon both the judgment roll and the bill of exceptions, or upon such other record as may be appropriate in a particular case, as provided by chapter 90, Stats. 1935.

■ We do not understand just why we should now permit the filing of the judgment roll because of reasons excusing appellant, if such be the case, for not properly preparing its bill of exceptions. In fact, no showing of excusable neglect having been made for failure to file the judgment roll in time, it is clear that the motion must be denied. Had there been excusable neglect for not filing the judgment roll, that should have been urged, on due notice, supported by a proper showing, at the time the motion to strike the bill of exceptions was made.

Other questions are discussed, but it is not necessary to consider them.

For the reason given, the motion is denied.

ON APPELLANT'S MOTION FOR AN ORDER EXTENDING THE TIME IN WHICH TO FILE AND SERVE A BILL OF EXCEPTIONS, AND A COUNTER MOTION OF RESPONDENT TO DISMISS THE APPEAL.

February 4, 1936.                    54 P.(2d) 273.

*Eli Cann,* for Appellant:

*George J. Kenny* and *H. R. Cooke,* for Respondent:

**O P I N I O N**

By the Court, COLEMAN, J.:

This is the third time this matter has been before us; the first time on a motion to strike the bill of exceptions [49 P.(2d) 358], the second time on a motion for an order granting leave to appellant to file a copy of the judgment roll [50 P.(2d) 944], and now on motion of appellant for an order extending the time in which to file and serve a bill of exceptions, and a counter motion of respondent to dismiss the appeal.

Counsel for appellant has filed in this matter, in support of this application, an affidavit and a supplemental affidavit, from which it appears that the tendered bill of exceptions was, on April 15, 1935, deposited in the office of the clerk of the trial court, and immediately thereafter a copy was served upon counsel for the respondent. It appears from a certificate of the trial judge that the tendered bill of exceptions was duly settled by the trial judge on April 22, 1935, but it does not appear from the bill of exceptions itself that it was filed in the lower court. This failure may be due to an oversight on the part of the clerk of the trial court. If this be true, an opportunity should be given to rectify the oversight.

To constitute filing it is not necessary that the clerk make the notation of filing, for all that a litigant can do in the matter of filing a document is to deposit it with the proper official and pay or tender the fee therefor, if there be any. Hook v. Fenner, 18 Colo. 283, 32 P. 614, 36 Am. St. Rep. 277; Hilts v. Hilts, 43 Or. 162, 72 P. 697; Wilkinson v. Elliott, 43 Kan. 590, 23 P. 614, 19 Am. St. Rep. 158; President, etc., Manhattan

Co. v. Laimbeer, 108 N. Y. 578, 15 N. E. 712; Beebe v. Morrell, 76 Mich. 114, 42 N. W. 119, 15 Am. St. Rep. 288; 25 C. J. 1126.

We do not know what the practice is, but we have understood that there is no fee chargeable for filing a bill of exceptions.

2. This court has repeatedly held that it is reluctant to dispose of a case except upon the merits. Appellant makes a strong showing to the effect that there was no neglect in filing and serving the bill of exceptions, but purely an oversight on the part of the clerk of the lower court to indorse upon the bill of exceptions that the same had been filed.

3. The spirit of the law as appears from section 45, c. 90, Stats. 1935, is liberal in the matter of amending a record on appeal, and we have held that a bill of exceptions may be amended and corrected. Brockman v. Ullom, 52 Nev. 267, 286 P. 417; Taylor v. Taylor, 56 Nev. 100, 45 P. (2d) 603.

4. Upon the showing made in this matter, we think both motions should be denied, and that an opportunity should be given appellant to make the bill of exceptions show that it was filed in apt time.

We think appellant has mistaken its remedy.

It is ordered that appellant may apply in fifteen days, upon proper notice and showing, for an order (1) vacating the order heretofore made striking the bill of exceptions, and (2) for an order remanding such bill of exceptions to the clerk of the trial court for amendment in the matter of showing a filing, in accordance with the facts.

ON APPELLANT'S MOTION FOR AN ORDER VACATING AN ORDER STRIKING THE BILL OF EXCEPTIONS, AND REMANDING THE BILL OF EXCEPTIONS TO CLERK OF TRIAL COURT FOR AMENDMENT.

April 29, 1936.                    56 P. (2d) 1211.

## OPINION

By the Court, COLEMAN, J.:

Appellant has applied for an order vacating the order heretofore made herein striking the bill of exceptions. It has also moved that the bill of exceptions be remanded to the clerk of the trial court for amendment. Both of the motions are in pursuance of our opinion and order made herein on February 4, 1936. 54 P. (2d) 273.

Both motions are supported by the affidavit of counsel for appellant, wherein he states that the bill of exceptions was deposited with the clerk of the trial court for filing, and that at the time of such deposit he paid the clerk the fee for the filing thereof.

In the opinion above mentioned we pointed out what is necessary to constitute a filing of a bill of exceptions with the clerk of a trial court. The showing made on this hearing is ample to justify orders favorable to appellant.

No counter showing has been made by respondent. In fact, no appearance was made by respondent when the notice of motion was called up for hearing.

Good cause appearing therefor, it is ordered that the order heretofore made herein, striking the bill of exceptions, be, and the same is hereby, vacated. It is further ordered that the clerk of this court forthwith return to the clerk of the lower court said bill of exceptions for amendment in compliance with the facts, and that the clerk of said lower court return the same to the clerk of this court without delay after the amendment is made, if any.

ON SECOND MOTION TO STRIKE BILL OF EXCEPTIONS

July 7, 1936.                                    56 P. (2d) 18.

## OPINION

By the Court, COLEMAN, J.:

This matter is again before us on motion of respondent to strike the bill of exceptions. In an opinion heretofore filed (57 Nev. 12, 56 P. (2d) 1211), we ordered that the bill of exceptions be remanded to the trial court for amendment and return to the clerk of this court. Pursuant to that order, it was endorsed as filed by the clerk of the trial court as of April 15, 1935. The motion now under consideration is based upon the ground that the final judgment appealed from was entered on March 11, 1935, whereas the bill of exceptions was not filed until after the time allowed therefor had expired.

Section 9398 N. C. L. fixes the time within which a bill of exceptions may be filed where the appeal is from a final judgment, as in this case, at "within twenty (20) days." The final judgment having been rendered on

March 11, 1935, and the bill of exceptions not having been filed until April 15, 1935, it is clear that it was not filed within twenty days after the entry of the final judgment.

Section 9392 N. C. L. expressly provides that if a party shall omit or fail to serve and file his bill of exceptions within the time limited by law, he shall be deemed to have waived his right thereto. We so held in Nellis v. Johnson et al., 57 Nev. 17, 53 P. (2d) 1192.

Counsel for appellant does not contend that a failure to file a bill of exceptions within the time fixed by law, if there be no order of court or stipulation of the parties extending the time, does not constitute a waiver, but contends there was a stipulation extending the time, and has offered his affidavit which he claims shows that there was a stipulation between himself and G. J. Kenny, Esq., the attorney for the respondent in the court below, and one of its attorneys here, waiving the statutory requirement. Though counsel for appellant relies on three separate affidavits in support of his contention, we will refer to the one of November 12, 1935, only, since the other two restate the same matter. The affidavit mentioned states that Mr. Kenny said to him: " * * * You prepare your bill of exceptions and your brief and give me a copy of each; that I will then prepare my answering brief, and give you a copy of my brief; that you in turn will then prepare and give me a copy of your reply brief; that then we will send the bill of exceptions, and the briefs all together to the supreme court and let the supreme court pass on the legal questions presented in these briefs without oral argument."

In opposition to the above affidavit respondent offered in evidence the counter affidavit of G. J. Kenny, Esq., which states, in substance, that as attorney for the respondent in the lower court, he discussed with the attorney for appellant the possibility of presenting the case to the supreme court upon a statement of facts; that he told attorney for appellant, before judgment

was rendered, that in case of an appeal H. R. Cooke, Esq., would be associated with him in presenting the matter to the supreme court, and that affiant would be guided, in all matters concerning the appeal, by Mr. Cooke; that following the rendition of the judgment in the lower court, affiant discussed with Mr. Cooke the matter of presenting the case on appeal on a statement of facts, and was informed that he, said Cooke, was not in favor of such a course, and thereupon affiant promptly notified the attorney for appellant accordingly, in the latter part of March 1935; that he then and there stated to counsel for appellant that the wish of Mr. Cooke was binding upon him in the matter.

From the affidavit of counsel for appellant, it appears that Mr. Kenny suggested that he "prepare your bill of exceptions." If we give this language the usual interpretation, it could only mean that Mr. Kenny suggested the embodying in the record of a bill of exceptions, as contemplated by statute. This was not done. If we accept Mr. Kenny's version, there was talk about submitting the matter to this court upon an agreed statement of facts, but that the attorney for appellant was simultaneously informed that Mr. Cooke would be associated with Mr. Kenny, in case of an appeal, and that Mr. Cooke's wishes in the matter would control.

██ There is a clear conflict between the affidavits. Mr. Kenny states that he informed counsel for appellant that he could not bind the respondent in the matter, but that Mr. Cooke's word would control, and that Mr. Cooke would not consent to any stipulation. The burden is upon appellant to show a waiver. We do not think it is shown, hence the motion to strike the bill of exceptions should be granted. It is so ordered.

██ There being no judgment roll in the case on file, there remains nothing which the court can consider. In this situation the judgment appealed from should be affirmed.

It is so ordered.