[No. 720.]

ISAAC IRWIN, RESPONDENT, *v.* C. E. SAMSON ET AL.,
APPELLANTS.

STATEMENT ON APPEAL—WHEN DISREGARDED. — A transcript containing an
abstract of the minutes reciting in detail the orders of the court and pro-
ceedings during the trial, presented independently in the apparent
order of the trial and proceedings, does not constitute a statement on
appeal and must be disregarded.

IDEM—VERIFICATION OF TRANSCRIPT AND STATEMENT. — A stipulation that
"the foregoing transcript on appeal is correct, and shall be the tran-
script in this case on appeal," signed by the respective counsel, applies
to the verification of the transcript under the provisions of section three
hundred and forty of the Practice Act, and not to a statement on appeal
as required by section three hundred and thirty-two.

APPEAL FROM JUDGMENT MUST CONTAIN JUDGMENT-ROLL.—Where the appeal
is taken from the judgment the statement on appeal must be annexed
to the judgment-roll, as provided in section three hundred and thirty-six
of the Practice Act.

APPEAL DISMISSED FOR WANT OF A STATEMENT. — Where there is no state-
ment on appeal, no proper assignment of errors, and no judgment-roll,
the appeal must be dismissed.

APPEAL from the District Court of the Fifth Judicial Dis-
trict, Nye County.

The facts are stated in the opinion.

*John Bowman,* for Appellants.

*George R. Williams and Frank Owen,* for Respondent.

*A. M. Hillhouse,* also for Respondent.

On this appeal no question is presented upon which the
court is called upon to act.   No statement on appeal and
no specifications of grounds upon which the parties taking
the appeal would rely were ever filed in the court below.

By the Court, HAWLEY, C. J.:

The transcript in this case contains an abstract of the
minutes, reciting in detail the orders of the court and pro-
ceedings during the trial; the findings of the court, original
and amended judgments, injunction, stay of execution, no-

tice of appeal, undertaking on appeal, and exceptions to the sufficiency of the sureties and their justification, presented independently in the apparent order of the trial and proceedings, instead of a statement on appeal, as is required by section 332 of the civil practice act. It is just such a transcript as it was held in *Corbett* v. *Job* "must be disregarded, because it is in no sense a statement, and this court has no right to consider it, even if it wished." (5 Nev. 205.)

The notice of appeal improperly contains, as grounds upon which the appeal is taken, certain points which might properly have been stated in a statement on appeal, as an assignment of errors.

There is a stipulation, signed by the respective counsel, "that the foregoing *transcript on appeal* is correct, and shall be the *transcript* in this case on appeal." This, of course, applies to the verification of the transcript under the provisions of section 340, and not to section 332, which provides that when the *statement* is agreed upon by the parties, they shall certify "that it has been agreed upon and is correct." If a statement had been filed with the clerk in compliance with the provisions of section 332, then, as this appeal is taken from the judgment, a copy of the statement should have been annexed to the judgment-roll, as provided in section 336.

It is reasonable to believe that if counsel for appellants had examined the various provisions of title IX of Appeals in Civil Actions, chapter 1, some, at least, of the many omissions apparent in this record would have been supplied. There is no statement on appeal, no proper assignment of errors, no judgment-roll, and as there is no question properly presented for consideration, the appeal must be dismissed.

It is so ordered.