[No. 970.]

## A. L. GREELEY, RESPONDENT, *v.* DANIEL HOLLAND, APPELLANT.

TRANSCRIPT ON APPEAL—WHAT PAPERS AND DOCUMENTS SHOULD BE STRICKEN OUT.—The minutes of the court and all other matters not embraced in the statement on appeal, judgment-roll, or authenticated as by law required, should, on motion, be stricken from the transcript on appeal.

ELECTION CONTEST—SUFFICIENCY OF COMPLAINT.—*Held,* that the complaint, tested either by sections 4 and 5 of the *quo warranto* act (1 C. L. 392, 393), or by section 40 of the election law (2 C. L. 2543) is sufficient.

STATEMENT NOT CONTAINING ALL THE EVIDENCE.—When the statement on appeal does not purport to contain all the evidence: *Held*, that this court is bound to presume that there was evidence sufficient to sustain the findings of the court.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda county.

The complaint in this case alleged, among other things, that plaintiff is a citizen of the United States, a resident of Esmeralda county, and eligible to the office of district attorney; that at the general election held on the fifth day of November, 1878, plaintiff and defendant were candidates for the office of district attorney; that the plaintiff received the highest number of legal votes and was duly elected to said office; that against the protest of plaintiff, the board of county commissioners, sitting and acting as a board of election canvassers, declared the defendant, Holland, elected, and directed and caused the clerk of said county to make out and deliver to said Holland a certificate of his election; that said board of commissioners canvassed and counted for plaintiff four hundred and fourteen votes, which the plaintiff received, all of which, except fifteen votes, were legal; that said board canvassed and allowed the defendant four hundred and twenty-seven votes, one hundred and nineteen of which were illegal; that at election precinct No. 17, at Candelaria, there were polled one hundred and thirty-four votes, one hundred and nineteen of which were polled and counted for defendant, and fifteen of which were polled and counted for plaintiff, and that all of said votes were illegal and should not have been cast, or polled, or canvassed for the reasons: First, the said voters were not legally registered; second, no list of the voters of said precinct was posted as required by law, and no opportunity was given to challenge or object to such persons as voters; third, no list of the persons registered in said precinct was prepared, or posted, or distributed, as required by law; fourth, no notice of the time for receiving objections to the right to vote was given as required by law; fifth, no copy of the register was ever made by any person authorized to

make the same, or delivered to the inspectors of election as required by law; that the votes polled at said election precinct, at said election, were illegal and fraudulent, and ought not to have been polled, or counted, or canvassed, because fraud and intimidation were resorted to and used in behalf of said defendant, and the voters were improperly influenced and coerced to cast their votes for said defendant by persons acting in his interest and on his behalf.

*D. J. Lewis,* for Appellant.

I. The complaint is insufficient. The alleged illegality consists of mere irregularity without fraud. (Skerrett's case, 2 Parsons, 509; Brightly Election Cases, 320; 2 C. L. 2535.)

II. If the requirements of the statute have not been substantially complied with, a contest may be instituted by any qualified elector of the district in the manner and for the causes specified in sections 2540, 2541, 2542, *et seq.,* C. L. Such contests are public matter and cannot by any intendment of law degenerate into a mere personal matter between individuals or claimants. (*Searcy* v. *Grow,* 15 Cal. 117.)

III. When a charge of fraud is relied on, it is incumbent on the contestant to show that an illegal act has been purposely committed, and that an evil result has flowed therefrom; or that an illegal vote has been purposely and unjustly received by the officers of election; or that a false estimate has been imposed on the public as a genuine canvass. (Brightly's Election Cases, 423, 432, cites *People* v. *Cook,* 8 N. Y. 67.)

IV. If there was a registry agent *de facto* or *de jure* in precinct No. 17, the proof of posting notices of time and place, of receiving objections, etc., to voters, is aided by the legal presumption that the officer did his duty in a legal manner. (Broom's Leg. Max. 945, 946, *ubi supra, Egery* v. *Buchanan,* 5 Cal. 53.)

V. Gross irregularities not amounting to fraud do not vitiate an election. (5 Abb. U. S. Dig. New Ser. 304, n. 25, cites *Morris* v. *Vanlaningham,* 11 Kan. 269; *People* v.

*Cook*, 8 N. Y. cited in Bright. Elec. Cases, 423; *Littlefield* v. *Green*, Bright. Elec. Cases, 493, cites 1 Chicago Leg. New S. 330; McCrary Elec. Law, sec. 304 and cases cited.)

*T. W. W. Davies and A. C. Ellis*, also, for Appellant.

*M. A. Murphy, Robert M. Clarke, and N. Soederberg*, for Respondent.

By the Court, HAWLEY, J.:

Upon the oral argument in this case, on motion of respondent, the minutes of the district court, affidavit for continuance, bill of exceptions with the exhibits attached thereto, and all other matters not embraced in the so-called statement on appeal, judgment-roll, or authenticated as by law required, were stricken from the transcript on appeal.

The minutes of the court, affidavit for continuance, and some other matters, were stricken out because they were not embodied in the statement on appeal.

The minutes of the court, having been stricken out, can not be considered, and there is nothing left in the record to show that the bill of exceptions was filed within the time required by law.

A motion was also made to strike out the statement on appeal. This motion ought, perhaps, also to prevail.

The statement has no formal beginning or ending. It is difficult to tell, as counsel claim, "where the statement begins or what the judge certifies to as being correct."

If the certificate applies to all matters included in the transcript, which are contained in the so-called statement, still the other objection exists that it does not affirmatively appear that the statement was ever "served upon the adverse party," as required by section 332 of the civil practice act (1 Comp. Laws, 1393.) But, without deciding this motion, it is enough to say that the statement does not authorize a reversal of the judgment.

The complaint, tested either by sections 4 and 5 of the quo warranto act (1 Comp. Laws, 392–3) or by section 40 of the election law (2 Comp. Laws, 2543) is clearly sufficient. And, inasmuch as the court found that all the material allega-

tions of the complaint are true, and that there was such irregularity in the receiving of the votes at Candelaria precinct as amounted to malconduct on the part of the board of inspectors, and inasmuch as the so-called statement does not purport to contain all the evidence, we are bound to presume that there was evidence submitted sufficient to sustain the findings of the court.

The judgment of the district court is affirmed.