# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### OCTOBER TERM, 1909

[No. 1823]

R. M. HENNINGSEN, Respondent, *v.* TONOPAH AND
GOLDFIELD RAILROAD COMPANY, Appellant.

1. APPEAL AND ERROR—DISMISSAL—WAIVER—DEFECTS.

Where the parties stipulated without reservation on March 13th
that appellant have additional time in which to prepare and file its
opening brief, and on April 2d stipulated that respondent have to and
including April 28th in which to prepare and file his brief, respondent
thereby waived any right to move on April 19th to dismiss on the
ground that a copy of the statement or transcript had not been served.

APPEAL from the District Court of the Fifth Judicial District
of the State of Nevada, Nye County; *J. P. O'Brien*, Judge.

Action by R. M. Henningsen against the Tonopah and Gold-
field Railroad Company. On motion to dismiss defendant's
appeal upon judgment for plaintiff. **Motion denied.**

The facts sufficiently appear in the opinion.

*McIntosh & Cooke*, for Respondent:

I. Rule XXV of the supreme court provides that "all tran-
scripts of the record in any action or proceeding may be type-
written" (subdivision 1), and that "when so typewritten

\* \* \* a copy thereof shall be served on the opposite party" (subdivision 3). We take it that the rule plainly means precisely what it says—namely, all transcripts—and this is not only a transcript of a portion of the record, but a transcript of the entire record essential to a determination of the appeal from the order. The rule is mandatory upon the court as well as litigants, and, no discretion having been therein reserved, it cannot, so long as it remains unrescinded, unmodified and unrepealed, be suspended, either in a particular case or otherwise. That this is the law in this state we respectfully cite: *Haley* v. *Eureka County Bank*, 20 Nev. 423; *Sherman* v. *Shaw*, 9 Nev. 152; *Kirman* v. *Johnson*, 30 Nev. 146. That the rule is as binding in force and effect as a statute, see *Lightle* v. *Ivancovich*, 10 Nev. 41, which quotes with approval *Hagar* v. *Mead*, 25 Cal. 600; *Haley* v. *Eureka County Bank*, *supra*.

II. Neither rule XXV nor the other statutory provisions referred to are contrary to or abortive of the act of 1895 (Comp. Laws, 3862), nor was the act of 1895 a repealer of or repudiative of any of the provisions of the practice act regulating appeals. It merely supplemented existing rules and legislation on the subject, as evidence the intention of the legislature when it says, in section 3863, that "where it is necessary \* \* \* they shall be copied in the transcript the same as heretofore." The act of 1895 enlarged the privileges of litigants, but in no manner relieved them of service by copy and other jurisdictional requirements where any enlargement of the method of appeal by that act prescribed was sought to be invoked or used. It is permissive legislation requiring the party to confine himself to the original papers, and, where he elects to use and does attempt to use a transcript of all or some of those original papers, he cannot, by seeking to make that transcript or statement "an original," indirectly escape that which the law in such cases directly prescribes, but in that event must comply with all the provisions of law in that regard. It is a fundamental and elementary principle that the law will not permit a person to do by indirection what it prohibits him from doing directly. There is nowhere in this act any relief from the jurisdictional requirements. The 1895

act did not alter the method of taking or perfecting appeals. (*Streeter* v. *Johnson*, 23 Nev. 199; *Peers* v. *Reed*, 23 Nev. 406.)

*Campbell, Metson & Brown*, for Appellant:

I.    Appellant's record on appeal consists of the original record, certified up from the lower court under the provisions of section 3862 of the Compiled Laws.    The question on this motion for dismissal is whether or not appellant was required to serve a copy of record under rule XXV, subd. 3.    The purpose of section 3862 was defined by this court in the case of *Peers* v. *Reed*, 23 Nev. 406.    If this motion prevails it will defeat the purpose of said section and strip appellant of the statutory right' thereby conferred upon litigants.

II.    There is no inconsistency in the rules.    They prescribe the following practice as to civil cases:  Appellant may certify up the original record, under section 3862.    Under this statute he may, if he likes, enjoy the benefit of escaping the considerable expense of having copies printed or typewritten. This benefit carries with it the concurrent disadvantage of having no copy of the transcript for his use and guidance in the preparation of the briefs on appeal, a disadvantage which his opponent necessarily shares with him.

III.    However, rule XVII provides a method whereby the appellant may withdraw the original record' from the clerk's office for examination; an equal benefit is extended to his opponent.    It is a wise and considerate rule of practice, because it greatly lessens the expense of litigation for the poor man.    For this reason it should be allowed to remain in full force and effect.    If the poor man may invoke its operation, so may the litigant of more ample means, provided that he and his counsel are willing to bear the disadvantage of this rule.

IV.    The act of March 13, 1895, has not altered the method of presenting questions to the supreme court.    The only difference is that, instead of having to present a transcript of the papers to be used on the appeal, the original may now be certified up.    (*Holmes* v. *Iowa M. Co.*, 23 Nev. 24.)    "The evident object of this act was simply to save litigants the labor and expense of transcribing the record on appeal, and

the expense of printing the transcript." (*Peers* v. *Reed*, 23 Nev. 406.)

V. Respondent should make his motion to dismiss the appeal at the earliest opportunity. Failing to do this the objection is waived. (*McLean* v. *Shartzer*, 5 Cal. 70; *Williams* v. *Gregory*, 9 Cal. 76; *Harrigan* v. *Lynch*, 52 Pac. 642; *Godschaux* v. *Mulford*, 26 Cal. 316; *Frost* v. *Meitz*, 52 Cal. 670.)

By the Court, TALBOT, J.:

Respondent moves to strike the statement and transcript from the files and to dismiss the appeal upon the ground that no copy of the statement or transcript was served. The record was filed in this court on February 23, 1909, and the notice of motion was not filed or served until the 19th day of April. After the filing of the record and previous to the noticing of the motion, the attorneys for the respective parties without reservation stipulated on the 13th of March that the appellant have additional time "within which to prepare, print, serve, and file appellant's opening brief on said appeal," and on April 2d the respective parties stipulated without reservation that "plaintiff and respondent have to and including the 28th day of April, 1909, within which to prepare, serve and file in the above-named court in the above-entitled action the brief of said plaintiff and respondent on appeal."

These stipulations, recognizing the appeal and reserving no right to move to strike the record from the files or to dismiss the appeal, are a waiver to any objection or motion to strike or dismiss on the ground that a copy of the statement or transcript had not been served, if any such service were necessary. (*Curtis* v. *McCullough*, 3 Nev. 213; *Bliss* v. *Grayson*, 24 Nev. 432; *Smith* v. *Wells Estate Co.*, 29 Nev. 416, and cases cited.)

The motion is denied.