[No. 2548]

PETER CAPURRO AND ADELE CAPURRO, HIS WIFE, RESPONDENTS, *v.* C. J. CHRISTENSEN, APPELLANT.    [209 Pac. 1045]

1. EXCEPTIONS. BILL OF—CERTIFICATE TO A BILL NOT COMPLYING WITH STATUTE HELD INSUFFICIENT.

    A certificate of a trial judge to a bill of exceptions, which fails to contain a statement that the bill of exceptions is correct or that it contains the substance of all the material evidence relating to the points involved, as required by Stats. 1915, c. 142, sec. 1, as amended by Stats. 1919, c. 237, is insufficient.

2. EXCEPTIONS. BILL OF—INSUFFICIENCY CERTIFICATE HELD NOT CURED BY REFERENCE TO TRANSCRIPT.

    Failure of the certificate of the trial judge to a bill of exceptions to state that the bill contained the substance of all the material evidence relating to the points involved, *held* not cured by a reference therein to the subjoined transcript of the testimony as part thereof, which transcript purported to be a full statement of the testimony at the trial.

3. EXCEPTIONS. BILL OF—CERTIFICATE OF TRIAL JUDGE HELD NOT SUBJECT TO AMENDMENT.

    Where a certificate of a trial judge to a bill of exceptions fails to state that the bill is correct, the certificate cannot be amended by obtaining from the trial judge an amended certificate and sending it to the supreme court, accompanied with a request to attach it to the bill.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

Action by Peter Capurro and wife against C. J. Christensen. Judgment for plaintiffs, and, from the judgment and a denial of a new trial, defendant appeals. Affirmed. **Petition for rehearing denied.**

*A. Grant Miller,* for Appellant:

Respondent desires this court to go behind the record of the signed approval of the bill of exceptions by the trial judge. True, the certificate omits the word "correct," but the words used, we submit, embrace the correctness. Upon discovering the omission, an amended certificate was obtained from the trial judge and sent to the clerk of this court with a request from that judge to the clerk of this court that it be attached to the bill of exceptions; the clerk doubted his authority to do this. The appellant now moves this court to direct the clerk to do so.

Section 2, Stats. 1915, p. 164, refers only to bills of exceptions taken upon the trial and not to bills of exceptions upon appeal after judgment.

*Frame & Raffetto,* for Respondents:

Section 2, Stats. 1915, p. 164, and following section, as amended by section 1, Stats. 1919, p. 440, provides manner of settling and allowing bills of exceptions, the time in which the same must be served, allowing time for suggesting amendments, and provides that the same shall be done by attaching a certificate to the effect that such bill of exceptions is correct, contains the substance of all the material evidence relating to the points involved, and has been settled and allowed.

The bill of exceptions in this case was not served within time, and consequently the court was without jurisdiction to settle the same. There is not even contained in the bill of exceptions the certificate of the trial judge certifying that it is correct, or that the same contains all the material evidence. This is absolutely necessary, and without it there is nothing upon which to predicate the appeal.

By the Court, DUCKER, J.:

This appeal is taken from a judgment and order denying a motion for a new trial, entered in an action which arose out of an assault alleged to have been made by appellant upon Adele Capurro, the wife of the other respondent. Damages were claimed in the sum of $15,000. The action was tried before the court without a jury, and damages awarded to the respondent in the sum of $1,500. A timely motion to dismiss the appeal was made by the respondents. The appeal and motion were submitted together. Briefly stated, the motion to dismiss is upon the grounds that the purported bill of exceptions was not served, signed, settled, and allowed within the time required by law, or within the time the same was extended by order of court; that respondents were not given any time to suggest amendments to said purported bill of exceptions, and have not waived the same; that the said pretended bill of exceptions is not certified by the trial judge as correct and containing the substance of all the material evidence necessary for the consideration of the appeal as required by law. The following certificate, signed by the trial judge, appears in the so-called bill of exceptions sent up to this court with the record in the case:

"The foregoing bill of exceptions is hereby settled and approved as appellant's bill of exceptions on appeal, together with the subjoined transcript of the testimony as a part thereof."

The transcript referred to in the certificate purports to be a full, true, and correct statement of the testimony given and proceedings had at the trial of the case, certified by the reporter.

Appellant contends that the foregoing certificate of the trial judge is sufficient. It is stated in the brief that the word "correct" was omitted from the certificate, and on discovering the omission appellant obtained from the trial judge an amended certificate and sent the same to the clerk of the supreme court, accompanied by the request of said trial judge to said clerk to attach it to said bill of exceptions, that the latter doubted his

authority so to do, and appellant now requests this court to direct the clerk so to do.

We think the said bill of exceptions must be disregarded for the reason that it is not properly certified by the trial judge. The certificate of the judge or court settling and allowing a bill of exceptions in a case of this kind is prescribed in section 1 of the act of 1915, c. 142, concerning bills of exceptions, as such section was amended in 1919 (Stats. 1919, p. 440), and at least must be substantially complied with. It reads:

"Any party to an action or special proceeding may, after the filing of the complaint, and before trial, object and except to any ruling, decision, or order made in such action or special proceeding, and, within ten (10) days after such objection and exception, serve and file a bill of exceptions thereto, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate to the effect that such bill of exceptions is correct, contains the substance of all the material evidence relating to the point or points involved, and has been settled and allowed; and when such bill of exceptions has been so settled and allowed, it shall be and become a part of the record of such action or special proceeding."

This section applies to an action or special proceeding after the filing of a complaint and before trial, but section 2 of said act makes the provision of section 1 concerning the settlement and allowance of a bill of exceptions applicable to an action or special proceeding in which the objections and exceptions may be taken from the time it is called for trial, and until final judgment.

1, 2. It is to be observed that the certificate of the trial judge in this case does not contain any statement that the said bill of exceptions is correct, or that it contains the substance of all the material evidence relating to the point or points involved, or any words that can

give the certificate that effect. The reference therein to the transcript of the testimony does not accomplish such result. This reference only serves to make the transcript of the testimony a part of the so-called bill of exceptions. The effect of the entire certificate is merely that the bill of exceptions has been settled and allowed. The statute, as we have seen, requires two other essentials in the certificate before a bill of exceptions can become a part of the record.

3. As to the contention that appellant is entitled to have the certificate amended in the manner heretofore stated, there is no authority for a proceeding of that kind. Besides, an examination of the proposed amended certificate sent to the clerk of this court reveals that it is also insufficient. It reads:

"I hereby certify that the foregoing is hereby settled, approved and allowed as the bill of exceptions on appeal in the above-entitled action, to wit, Peter Capurro and Adele Capurro, his wife, plaintiffs, versus C. J. Christensen, defendant, and is correct."

One of the requirements of the statute, that a certificate to a bill of exceptions must be to the effect that it "contains the substance of all the material evidence relating to the point or points involved," is omitted. The sole purpose of the legislature of 1919 in amending section 1 of the said act of 1915 was to make this requirement.

The judgment roll reveals no error, and, as there is no valid bill of exceptions in the record, the judgment must be affirmed.

It is so ordered.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.