No. 2567

# KINGSBURY v. COPREN

April 14, 1924.                                          224 Pac. 797.

1. Appeal and Error—Motion to Dismiss Appeal Not Taken in Time Should Be Sustained.

Where an appeal from an order denying a motion for new trial was not taken within sixty days from entry thereof, as required by Rev. Laws, 5329, as amended by Stats. 1913, c. 91, a motion to dismiss the appeal should be sustained.

2. Appeal and Error—Bill of Exceptions Not Settled and Allowed as Required by Law Should Be Stricken on Motion.

A bill of exceptions not settled and allowed as required by law should be stricken on motion.

3. Appeal and Error—Supreme Court Need Not Determine Whether Judgment Against Defendant in Individual and Representative Capacities Was Right in either Capacity.

Where judgment was improperly rendered against an executor in both his individual and representative capacities, the supreme court need not determine whether the judgment is right against defendant in either capacity.

4. Appeal and Error — Supreme Court Cannot Determine Whether Judgment against Executor Was Right in Either Capacity, in Absence of Bill of Exceptions Containing Evidence.

Where the bill of exceptions containing the evidence, was stricken, because not settled and allowed as required by law, the supreme court cannot determine whether a judgment improperly rendered against an executor in both his representative and individual capacities was right against him in either capacity so as to authorize affirmance.

On petition for rehearing. **Petition denied.**

For former opinion, see 47 Nev. 167.

*Mack & Green* and *Brown & Belford,* for Petitioner:

The appeal was not taken within time allowed and hence should be dismissed. Rev. Laws, 5329, as amended Stats. 1913, p. 113; Winter v. Winter, 3 Nev. 129; Luke v. Coffee, 31 Nev. 165.

The purported bill of exceptions was not settled nor certified to as required by law. Stats. 1919, c. 237, p. 440; Capurro v. Christensen, 46 Nev. 249; Rickey v. Douglas M. & M. Co., 45 Nev. 341.

There is an exception to general rule that person cannot hold possession of personal property both as individual and administrator. Defendant made claim

in representative capacity, while evidence showed that in his individual capacity he had taken property out of state and substituted inferior property instead. If we dismissed him in representative capacity, we would dismiss only person who claimed property and thereby would be out of court; if we dismissed him as individual, we would dismiss party actually in possession, and thereby we would have been relegated to acceptance of inferior substituted property.

While party in possession is necessary in replevin, others having claim of interest may be joined. Rev. Laws, 4090; 34 Cyc. 1425; 23 R. C. L. 876.

Even if the defendant were not proper party in both capacities, the judgment should not be reversed. Harmless error should be disregarded. Rev. Laws, 5066.

Defendant in individual capacity cannot object to his joinder in representative capacity. Party cannot object to misjoinder of another. 6 Stand. Pr. 855. One must show he is not proper party in capacity in which he is joined. 21 R. C. L. 312.

The court did not determine, and we are unable to determine from its two decisions, in what capacity the appellant was misjoined.

*Platt & Sanford,* for Appellants:

It is idle to discuss question of appeal from order denying motion for new trial. The opinion is manifestly founded on judgment roll, and has no bearing on evidence, errors, etc. Appellants were content to rely on appeal from judgment roll. Certainly no bill of exceptions is required in straight appeal from judgment. It would have availed respondent nothing if court had dismissed appeal from order denying new trial. The appeal from the judgment was still certainly intact. The court's correcting inadvertence would not affect final decision.

Amended complaint, which is part of judgment roll, shows defendant in two capacities. Verdict and judgment were against both individual and estate. This is illegal and anomalous.

Amended complaint does violence to law of replevin, and is uncertain and inconsistent. Specific property must be in possession of defendant at time replevin suit is brought. Kingsbury v. Copren, 43 Nev. 453. Defendant could not hold in both capacities. Nelson v. Smith, 42 Nev. 320.

It appears defendant was charged personally with taking away property, yet counsel contends estate should be liable by suing defendant in representative capacity.

It is impossible to determine what an amended complaint really means.

The former decision in this case, however, does not need rehearing to clarify its conclusions.

By the Court, SANDERS, J.:

1. It appears from our opinion that the motions to dismiss the appeals from the order denying the motion for a new trial and from the judgment were summarily denied. It also appears that no mention is made in the opinion of the motion of respondent to strike the bill of exceptions.

On petition for rehearing, our attention is directed to the fact that it was admitted in open court that the appeal from said order was not taken within sixty days from the entry thereof, as required by section 5329 of the Revised Laws, as amended by the statute of 1913 (Stats. 1913, p. 113). It is clear that the motion to dismiss the appeal from the order denying the motion for a new trial should have been sustained, and we gladly correct the error and now sustain the motion.

2. The motion to strike the bill of exceptions was based upon the ground that the same was not settled and allowed as required by law. Upon further consideration of the record and upon the authority of Capurro v. Christensen, 46 Nev. 249, 209 Pac. 1045, we are of opinion that the motion to strike should have been sustained; and it is now adjudged and ordered that upon motion of respondents the bill of exceptions, made a part of the judgment roll, be, and the same is hereby, stricken as not having been properly settled and allowed.

3, 4. The petitioner seems to concede that the law of this case is that declared upon the original appeal (43 Nev. 448, 187 Pac. 728, 189 Pac. 676), and while she is apparently satisfied that judgment should not go against the defendant both in his individual and representative capacities, yet she insists that, if the judgment is correct against the defendant in either capacity, it is the duty of this court upon the evidence to affirm the same. While we do not deem the suggestion that we should consider and determine if the judgment is right against the defendant in either capacity well taken, yet if it were we could not do this in view of the fact that the evidence is not before us; the purported bill of exceptions containing the evidence having been stricken upon the motion of the defendant.

The petition for rehearing is denied.