# SHIRK *v.* PALMER

## No. 2679

February 14, 1925.                    232 Pac. 1083.

### ON MOTION TO DISMISS APPEAL

1. APPEAL AND ERROR—SERVING AND FILING NOTICE OF APPEAL, FILING UNDERTAKING AND DOCKETING IN SUPREME COURT, PERFECTS APPEAL.

    Serving and filing notice of appeal, and filing undertaking in due form and docketing in supreme court, perfects appeal so as to invest such court with jurisdiction.

2. APPEAL AND ERROR—APPEAL NOT DISMISSED FOR FAILURE TO FILE PROPERLY PREPARED AND CERTIFIED TRANSCRIPT OF RECORD, BUT TIME WILL BE GIVEN FOR FILING IT.

    Where purported record, filed on appeal, contained no judgment roll, as required by 2 Rev. Laws. sec. 5273, nor properly prepared and certified transcript of record, appeal will not be dismissed, but appellant will be given opportunity to prepare and file such transcript in compliance with Stats. 1923, c. 97, and supreme court rule 4.

See 3 C. J. sec. 1073, p. 1065, n. 9; 4 C. J. sec. 2232, p. 489, n. 36.

APPEAL from Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action by E. W. Shirk against E. E. Palmer. From judgment for plaintiff, defendant appeals. On motion to dismiss appeal. **Appeal dismissed unless appellant files transcript of record within specified time.**

*Forman & Forman,* for Movant:

Certificate to bill of exceptions, not complying with statute is insufficient. Defect is not cured by reference to transcript. Certificate of trial judge is not subject to amendment. Capurro v. Christensen, 46 Nev. 249.

Motion to dismiss appeal not taken in time should be sustained. Bill of exceptions not settled and allowed as required by law should be stricken on motion. Kingsbury v. Copren, 47 Nev. 466.

This court held in Kirman v. Johnson, 30 Nev. at 153, that "an appeal from an order or judgment, without a copy thereof in the record, is manifestly futile."

*Cooke, French, Stoddard & Hatton,* for Respondent:

By stipulating that additional time be given for filing

briefs, movant has waived right to move to strike, and to dismiss appeal on ground that statement or transcript has not been served, even though record on appeal would otherwise be subject to motion. Henningsen v. R. R. Co., 32 Nev. 51.

If court holds record defective we have right to furnish record now before court properly certified, etc., under Stats. 1923, 163, at any time before final judgment.

Jurisdiction of this court cannot depend on whether clerk, parties, counsel, or judge certify to record.

All matters that would be incorporated in judgment roll, as such, are included in record.

Counsel cannot stipulate without reservation that appeal is pending, ask for time, file brief on merits and then say there is no appeal.

## OPINION

By the Court, COLEMAN, C. J.:

This case is before us upon a motion by respondent to dismiss the appeal. Two grounds are assigned in support of the motion, (1) because no transcript of the record was filed within 30 days after the appeal was perfected, or at all; (2) because the court has no jurisdiction of the appeal, for the reason that there has not been filed in this court a copy of the judgment roll, certified by the clerk or by the parties, nor has there been annexed to the original bill of exceptions a copy of the order overruling appellant's motion for new trial, nor has there been filed in this court any such order or at all.

1. It appears from the files and records in the case that a notice of appeal was served and filed on September 27, 1924, and that on the same day an undertaking in due form was also filed. This, with the docketing here, perfected the appeal so as to invest this court with jurisdiction of the case.

2. There is also on file what is designated "bill of exceptions." Within the covers of this document are what purport to be a copy of the complaint, the answer,

the reply, the opinion and decision of the court, the findings and conclusions of law, the judgment, the notice of motion for a new trial, various orders, stipulations, and the like. There is also what purports to be a bill of exceptions, settled by stipulation of counsel. In the so-called record is what purports to be a copy of a minute order denying the motion for a new trial. There is no judgment roll, as required by Rev. Laws, 5273. There is not attached to this document the usual certificate of the clerk of the court to the effect that the said purported copies are true and correct copies of the files, etc. While there is not in the record in this case a properly prepared and certified transcript of the record, we would not feel justified in dismissing this appeal without giving the appellant an opportunity to prepare and file such a transcript, in compliance with rule 4 of this court and the statutes pertaining to such matters. Such is the spirit of the act of 1923 (1923 Stats. p. 163, c. 97), as construed in Johns-Manville Company v. Lander County, 48 Nev. 244, 229 P. 387; Mellan v. Messenger, 48 Nev. 235, 228 P. 1095.

It is ordered that the appellant have 15 days in which to prepare, serve, and file a transcript on appeal in this court as required by the rules of the court and the statute, and for failure so to do that the appeal stand dismissed.

It is further ordered that appellant may withdraw so much of the files in this case as may be used in preparing such transcript, and that respondent furnish the copy of any papers heretofore served upon him which may be used in preparing a copy for service pursuant to the above order. Respondent to have five days after the service and filing of such transcript in which to make such further motion as he may deem proper.

## ON MOTIONS TO STRIKE, AND REMAND RECORD

June 1, 1925.                                    236 Pac. 678.

1. EXCEPTIONS, BILL OF—TRIAL COURT IS WITHOUT JURISDICTION TO SETTLE ADDITIONAL OR FURTHER BILL OF EXCEPTIONS AFTER EXPIRATION OF TIME FOR SETTLING BILL.

Trial court is without jurisdiction to settle additional or

further bill of exceptions after expiration of time for settling bill.

2. EXCEPTIONS, BILL OF—CONSIDERATION OF BILL HELD PRECLUDED BY FAILURE OF STIPULATION OR CERTIFICATE OF TRIAL JUDGE TO CERTIFY TO MATTERS REQUIRED BY STATUTE.

A purported bill of exceptions *held* not entitled to consideration, where neither the stipulation nor the certificate of the trial judge certified to the matters required by Stats. 1923, c. 97, sec. 1, and objection is not waived by counsel for respondent by signing stipulation which served to lull appellant into sense of security.

3. APPEAL AND ERROR—PARTY CANNOT WAIVE ESSENTIALS OF RECORD NECESSARY TO GIVE SUPREME COURT JURISDICTION.

Party cannot waive essentials of record necessary to give supreme court jurisdiction, as for instance, a bill of exceptions.

4. APPEAL AND ERROR — BILL OF EXCEPTIONS WILL BE STRICKEN WHEN NOT SETTLED CONFORMABLY TO STATUTE.

Bill of exceptions will be stricken when not settled conformably to Stats. 1923, c. 97, sec. 1.

5. APPEAL AND ERROR—PAPERS WHICH ARE NOT PART OF JUDGMENT ROLL, AND NOT EMBRACED IN BILL OF EXCEPTIONS, WILL BE STRICKEN ON MOTION.

Papers, such as a motion to strike the copy of defendant's objections to the plaintiff's proposed findings of fact, the ruling thereon, and the memorandum of errors, all of which are not a part of the judgment roll, and which are not embraced in the bill of exceptions, will be stricken on motion.

See 4 C. J. sec. 1907, p. 293, n. 27; sec. 1910, p. 296, n. 48; sec. 1939, p. 319, n. 62; sec. 1950, p. 324, n. 42; sec. 2262, p. 503, n. 61, 63; sec. 2267, p. 506, n. 85.

Action by E. W. Shirk against E. E. Palmer. Judgment for plaintiff, and defendant appealed. Plaintiff interposed a motion to dismiss the appeal on the ground that an improper transcript of the record was filed. The appeal was ordered dismissed in the event defendant failed to file the transcript within a specified time. Thereafter defendant filed a purported transcript, to which was attached a bill of exceptions. On plaintiff's motion to strike such bill and certain documents and orders annexed to the judgment roll, and on defendant's motion for an order of the Supreme Court to remand the record on appeal to the trial judge and have the record certified and returned to the files of the supreme court. **Plaintiff's motion granted, and defendant's motion denied, and order entered striking from the files the purported bill of exceptions and enumerated documents and orders annexed to the judgment roll.**

*Forman & Forman,* for Movant:

Bill of exceptions does not contain certificate or stipulation required to make it part of record. Essential element that record contains substance of proceedings, rulings, and points involved is not present. Stats. 1923, 164, and acts of 1915 and 1919 are practically identical. Corcoran v. Dodge, 45 Nev. 406; Rickey v. Douglas, 45 Nev. 341; Capurro v. Christensen, 46 Nev. 249; Kingsbury v. Copren, 47 Nev. 466.

Bill of exceptions should be annexed to copy of judgment roll or order appealed from. Rev. Laws, 3344.

Objections to proposed findings of fact and rulings on such objections and memorandum of errors are not properly part of judgment roll. Rev. Laws, 5273. These documents and orders should be made part of bill of exceptions before being placed in record. Rev. Laws, 3344, designates of what record on appeal shall consist.

*Cooke, French, Stoddard & Hatton,* for Respondent:

By stipulating that original bill of exceptions is correct, settled and allowed by parties, and for additional time for filing briefs on merits in this court, movant is estopped from objecting that bill of exceptions is incomplete and has waived right to move to strike and dismiss on ground that statement or transcript had not been served, even though record would otherwise be subject to motion. Henningsen v. R. R. Co., 32 Nev. 51.

## OPINION

By the Court, COLEMAN, C. J.:

On February 14, 1925, we filed an opinion in this case, and made an order therein directing that the appellant have 15 days within which to prepare, serve, and file a transcript on appeal in compliance with the rules of court and the statute, reserving to the respondent the right within five days thereafter to make such further motion as might be deemed proper. On March 2, 1925, there was filed what purports to be a transcript, to which is attached a document indorsed "Bill of Exceptions," which was filed with the clerk of the trial court

on September 3, 1924, and which purports to have been settled and allowed by the trial judge. On March 3, 1925, counsel for the respondent served, and on the 5th filed in this court, notice of a motion to strike the bill of exceptions, and to strike from the files the following documents and orders which are annexed to the judgment roll, viz., defendant's objections to the plaintiff's proposed findings of fact; the court's ruling on defendant's objections to proposed findings of fact, and the memorandum of error filed in the trial court as a basis for a motion for a new trial. This latter motion is based upon the ground that said documents and order are not a part of the judgment roll, and are not made a part of the record on appeal by an original bill of exceptions.

On March 7, 1925, the appellant served upon counsel for the respondent and thereafter filed his notice of motion for an order of this court to remand to the trial judge the record on appeal, and that said judge be authorized and directed to settle, allow, and certify said record according to the facts and truth, and that thereafter said record be returned to the files of this court.

The notice of motion recites that subsequent to the filing of the opinion and order hereinabove mentioned the appellant withdrew from the files of this court the record theretofore filed, and promptly "proceeded to supplement the same by obtaining and adding thereto the additional documents as indicated by the order of this court." It is further stated that a request was made upon counsel for respondent to stipulate "that such bill of exceptions and record was correct, contained the substance of the proceedings relating to the points involved," but that such request was denied; that thereupon request was made of the trial judge that he certify that such bill of exceptions was correct, but that the said judge declined to do so upon the ground that he had lost jurisdiction of the matter. An affidavit is filed in support of the statements made in said notice of motion.

1. We will first consider the motion made by counsel for the respondent. In this connection we must bear in mind the terms of the order under which the record

was ordered returned for amendment. In that order we merely directed that the appellant have 15 days in which to prepare and file a transcript, etc. During September of last year the trial court purported to settle the bill of exceptions, and, whatever may be its faults or short-comings, the time within which the court could settle a bill of exceptions has long since expired; hence the trial court had and has no jurisdiction to settle an additional or further bill of exceptions.

2. We are now brought to a consideration of the various motions made by counsel for the respondent. We will consider them in the order in which they are made. The first is to strike the bill of exceptions, for the reason that it was not settled as provided by law. Section 1, c. 97, Stats. 1923, p. 163, provides that a bill of exceptions "shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding." At the end of the purported bill of exceptions we find the following stipulation, and memorandum by the trial judge:

"It is hereby stipulated, and agreed between the parties above named, that the foregoing bill of exceptions is correct, and the same is hereby settled and allowed by the parties.

"I, the undersigned, judge of the above-entitled court, do hereby certify that the foregoing bill of exceptions is true and correct, and the same is hereby settled and allowed."

It is said by counsel for respondent that neither the stipulation nor the memorandum of the judge complies with the requirements of the statute, and hence there can be no bill of exceptions, and for that reason the purported bill of exceptions must be stricken. In opposition to the motion, it is said by counsel for appellant that counsel should be estopped from now questioning

the sufficiency of the settlement of the bill of exceptions. This contention is based upon two theories: (1) Because counsel cannot now in good faith urge the contentions, since the signing of the stipulation served to lull the appellant into a sense of security in the matter; and (2) because of certain stipulations entered into since the appeal was taken in this matter extending the time in which briefs might be filed. We may say that, at the time of the argument, we were inclined to the view that there was merit in the first contention, but upon a more serious consideration of the matter we have reached the contrary conclusion. The stipulation was signed by counsel for respondent as it was prepared by counsel for appellant, no doubt, but be that as it may, it could have no greater force and effect than the language in the stipulation expresses. In other words, counsel stipulated to nothing more than is signified by the language used. The stipulation and the order of the court are controlled by the case of Capurro v. Christensen, 46 Nev. 249, 209 P. 1045. That was a case wherein the court undertook to make an order settling a bill of exceptions, and it failed to certify to the matters required by the statute, and we held that the bill of exceptions could not be considered. There is no difference in substance between that case and the situation here presented, and neither the stipulation nor the certificate of the judge entitles the purported bill of exceptions to any consideration.

3. To support the second contention reliance is had upon the case of Henningsen v. Tonopah & Goldfield R. R. Co., 32 Nev. 51, 104 P. 223. We do not think that case aids the appellant in the least. The motion to dismiss in that case was based upon the ground that a copy of a transcript had not been served. It did not go, as here, to a defect in the record or a total failure to incorporate certain alleged necessary papers in the record. We thing the rule here applicable is that stated in Kirman v. Johnson, 30 Nev. 146, 93 P. 500, 96 P. 1057, wherein it is said:

"While counsel by failing to interpose a proper objection to the record may waive all technical objections

thereto, they cannot waive the essentials of a record necessary to give this court jurisdiction, such as the entire absence of an order overruling a motion for new trial, if such order were ever made. Corbett v. Job, 5 Nev. 201; Irwin v. Sampson, 10 Nev. 282; Greeley v. Holland, 14 Nev. 320; Marx v. Lewis, 24 Nev. 306; Hart v. Spencer, 29 Nev. 286."

4, 5. The bill of exceptions, not being settled as provided by law, must be stricken. It is clear that the motion to strike the copy of the defendant's objections to the plaintiff's proposed findings of fact, the ruling thereon, and the memorandum of errors, must be sustained. They are not a part of the judgment roll, and are not embraced in a bill of exceptions.

It is ordered that appellant's motion be and the same is hereby denied. It is further ordered that the purported bill of exceptions, the defendant's objections to the plaintiff's proposed findings of fact, the ruling thereon, and the memorandum of errors be stricken from the files in the case.

## ON MOTION TO STRIKE SUPPLEMENTAL BRIEF

October 20, 1925. 239 Pac. 1000.

1. APPEAL AND ERROR—NO FORMAL ERROR NEED BE ASSIGNED, WHEN APPEAL IS ON JUDGMENT ROLL ALONE.

   Under Stats. 1919, c. 40, sec. 2, appellant must specify errors relied on for reversal, and Stats. 1923, c. 97, sec. 3, makes no substantial change except in time and manner of assigning error, but no formal error need be assigned, when appeal is on judgment roll alone.

2. APPEAL AND ERROR — SUPPLEMENTAL BRIEF AMPLIFYING ORAL ARGUMENT ON APPEAL ON JUDGMENT ROLL ALONE NOT STRICKEN, BECAUSE OF POINT NOT ASSIGNED AS ERROR IN ORIGINAL BRIEF.

   Supplemental brief, presented by appellant to amplify oral argument on appeal on judgment roll alone, will not be stricken from files, because it makes point, not assigned as error in original brief, that complaint does not state facts sufficient to constitute cause of action.

See 4 C. J. sec. 1599, p. 1436, n. 55 (new) ; sec. 1462, p. 1330, n. 44; sec. 1463, p. 1333, n. 55 (new).

Action by E. W. Shirk against E. E. Palmer. Judgment for plaintiff, and defendant appeals. On motion to strike appellant's supplemental brief from files. **Motion denied.**

## OPINION

By the Court, COLEMAN, C. J.:

This case was orally argued on September 9th. At the conclusion of the argument, counsel for appellant asked leave to file a supplemental brief, which was granted. In due time after the filing and service of this brief, counsel for the respondent gave notice of motion to strike it from the files upon the ground that it makes the point that the complaint in the case does not state facts sufficient to constitute a cause of action —an alleged error not assigned in the original brief.

1. The law of this state, pertaining to the practice in cases appealed to this court, has long required the specification by the appellant of the errors relied upon as a ground for the reversal of the judgment. Stats. 1919, p. 55, sec. 2; Gardner v. Pacific Power Co., 40 Nev. 343, 163 P. 731, and Stats. 1923, p. 164, c. 97, sec. 3, make no substantial change, except in the time and manner of assigning error.

Suffice it to say that it has been held repeatedly that there need be no formal error assigned, when the appeal is upon the judgment roll alone. Miller v. Walser, 42 Nev. 497, 181 P. 437; Page v. Walser, 43 Nev. 422, 187 P. 509.

2. This case is now before us on the judgment roll alone, and there need have been no assignment of error to enable the court to consider the point now urged. It was presented on oral argument, and the purpose of the brief was to amplify that argument.

Motion denied.