SEGALE *v*. PAGNI, Et Al. (PAGNI, Et Al., Interveners).

No. 2724

April 13, 1926.                                     244 P. 1010.

ON MOTION TO DISMISS APPEAL

1. Appeal and Error.

Absence of bill of exceptions in record, settled and allowed by the court or stipulation of parties, is not ground for dismissal, as judgment may be reversed for errors appearing on face of judgment roll alone.

2. Appeal and Error.

Appellant, failing to file properly prepared and certified transcript of record, will be given opportunity to prepare and file it in compliance with Stats. 1923, c. 97, and supreme court rule 4.

3. Appeal and Error—Under Stats. 1923, c. 97, Sec. 1. Transcript of Record Properly Certified becomes Bill of Exceptions (Stats. 1915, c. 142, Sec. 3); "In Lieu Of."

Under Stats. 1923, c. 97, sec. 1, transcript of testimony, certified by court to be full, true, and correct, becomes bill of exceptions, notwithstanding Stats. 1915, c. 142, sec. 3; "in lieu of," as used in Stats. 1923, meaning in place of, or instead of.

See 4 C. J. sec. 1808, p. 209, n. 21; sec. 1811, p. 213, n. 48; sec. 2380, p. 572, n. 31 (new); sec. 2399, p. 588, n. 87 (new); 37 C. J. p. 347, n. 1.

APPEAL from Eighth Judicial District Court, Lyon County; *Clark J. Guild*, Judge.

Action by Eugene Segale, as administrator of the estate of Mike Moroni, deceased, against Sabatino Pagni and others, in which Antoinetta Pagni and another intervened. From the judgment, interveners appeal. On motion to dismiss appeal and affirm judgment. **Motions denied with directions.**

*William M. Kearney,* for Movant:

There can be no bill of exceptions without five days service and notice that it was filed as such. There was no service in this case of any bill of exceptions. Proposed record on appeal only, was served. Stats. 1915, 142; Stats. 1923, c. 97; Stats. 1915, c. 142. If appellants claim they served bill of exceptions, they then served no record on appeal. Transcript is bill of exceptions only when filed, allowed, settled and certified to as such. Stats. 1915, c. 142. Court must settle bill of exceptions, if within five days objections are made thereto. Stats. 1923, c. 97; Capurro v. Christensen, 46 Nev. 249; Scossa v. Church, 43 Nev. 407.

Document designated "notice of appeal" which was not attached to and made part of record, nor certified to, and no showing made that it was served has no place in files on appeal. Reinhart Co. v. Oklahoma Co., 48 Nev. 32.

It is apparent that there is no means of settling or correcting bill of exceptions because it is too late to serve bill to correct lack of service, jurisdiction has escaped lower court, and this court cannot now take jurisdiction. 3 C. J. par. 1252, 1366; Baker v. Borello, 63 P. 914.

*Frame & Raffetto,* for Appellants:

Reporter's certified transcript was served November 2, 1925, not as purported bill of exceptions but as complete transcript of proceedings. Within two or three days judgment roll was also served. Movant attempts to make obsolete statute apply to later provisions of Stats. 1923, c. 97, which provides new method for preserving record in addition to that heretofore provided, including Stats. 1915, and says filing of full and complete transcript certified by reporter shall stand as bill of exceptions. Transcript becomes bill of exceptions upon signing and certifying. It would be idle to contend for necessity of settling it by judge when it is expressly provided it need not be so settled. It may be corrected at any time on written application.

## OPINION

By the Court, COLEMAN, C. J.:

This case is before the court on respondent's motion to dismiss the appeal and for an order affirming the judgment.

1. The first three grounds of the motion are based upon the proposition that there is no bill of exceptions in the record settled and allowed by the court or judge or by stipulation of the parties. There is a pretended bill of exceptions in the record, certified and sworn to by the court stenographer, but, if no effort had been made to embody a bill of exceptions in the record, the motions should be denied so far as the first three grounds are concerned, for the reason that we cannot, at this stage of the proceedings, assume that appellants may not contend that, for errors appearing upon the face of the judgment roll alone, the judgment should be reversed.

2. The fourth ground of the motion is that appellants did not serve and file, as provided by law, a completed record on appeal, and that no certificate of the clerk of the trial court was served upon respondent prior to December 2, 1925. There is not such a transcript on file as the law contemplates, but, as we said in Shirk v. Palmer, 232 P. 1083, 48 Nev. 449:

"While there is not in the record in this case a properly prepared and certified transcript of the record, we would not feel justified in dismissing this appeal, without giving the appellant an opportunity to prepare and file such a transcript, in compliance with rule 4 of this court and the statutes pertaining to such matters. Such is the spirit of the act of 1923."

See, also, E. Reinhart Co. v. Oklahoma Gold Mining Co., 226 P. 902, 48 Nev. 32.

In this connection we may say that, in the recent case of Water Co. v. Tonopah Belmont Development Co. (Nev.), 241 P. 1079, we made certain rulings relative to the requirements in bringing up a record on appeal.

It is next contended that the so-called record on appeal was not filed within 30 days after the appeal was

perfected. There is an undisputed affidavit in the record showing that the notice and undertaking on appeal were served upon respondent on October 23, 1925. The so-called record on appeal was filed with the clerk of this court on November 6, 1925. It seems to have been filed within 30 days from the taking and perfecting of the appeal.

As to the motion. to strike the so-called record on appeal, and that the judgment be affirmed because of failure to comply in various ways with paragraphs 1, 3, and 4, of rule IV of this court, we may say that, in view of the act of 1923, as construed and applied in Shirk v. Palmer, supra, we do not see how we can consistently make an order to strike and dismiss except on condition that appellants be first given an opportunity to comply with the rule.

In passing on the first three grounds of the motion, we have not deemed it necessary to refer to the nature of the attack upon the bill of exceptions.

3. Since the motions in this case were orally argued, and, after a tentative opinion had been prepared, counsel for respondent filed herein a further memorandum of points and authorities in support of the motions. The point therein made is that section 1 of chapter 97, Stats. 1923, relative to the settling of a bill of exceptions is in pari materia with section 3, c. 142, Stats. 1915, and that, since the statute of 1915 allowed five days within which a respondent might take steps to correct such so-called bill of exceptions, and since said so-called bill of exceptions was transmitted by the clerk of the trial court to and filed by the clerk of this court before said five days were up, there is no bill of exceptions in the record. It is further said that the attorney for the respondent was not served with a bill of exceptions, though it is admitted that he was served with a transcript of the testimony certified to as being correct by the official court reporter. Section 1 of chapter 97, Stats. 1923, reads:

"At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty

(20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding. A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

The transcript of the testimony is in strict conformity to the provision of the last sentence of the section. That sentence provides that a transcript duly certified to by the court reporter may be filed in lieu of the bill of exceptions. This seems clear enough. The Standard Dictionary defines the word "lieu" as "place; stead— used chiefly in the phrase in lieu of." Webster's New International Dictionary defines it as follows: "Place; room; stead—used chiefly in the phrase in lieu of; that is, instead of." Giving the words of the statute their usual meaning, it provides that the transcript of the testimony certified to by the court reporter might be filed in the place of, or instead of, a bill of exceptions. But the language of the statute needs no interpretation, for it says that, when so certified and filed, the transcript of the evidence shall be and constitute the bill of exceptions without further stipulation or settlement. The bill of exceptions is in strict conformity with the law. There being a perfect bill of exceptions in the

record, all objections thereto are without force. We do not mean to be understood as holding that such bill of exceptions cannot be corrected, but section 3 of the 1915 act in no way affects the settling of a bill of exceptions when settled as in this case, pursuant to the 1923 act. Our statutes use the term "bill of exceptions" very loosely. A transcript of the testimony in a case, properly speaking, is only a tendered bill of exceptions until it is settled in one of the methods provided by law, when it becomes a bill of exceptions. The 1915 act provides the method to be resorted to, to bring about the settlement of what is really a tendered bill of exceptions, which becomes a bill of exceptions when settled. The same may be said as to the first portion of section 1 of the 1923 act, but the last sentence of this act provides, in substance, that a transcript of the testimony, properly certified, shall have the force and effect of a bill of exceptions.

The situation here presented, along with the confusion which has been created by the numerous amendments since the revision of our practice act in 1912, demonstrates the importance of an act authorizing this court, with the aid of a committee of experienced practitioners, to draft, adopt, and promulgate rules regulating the procedure in taking an appeal from judgments and orders of the district courts.

It is ordered that the various motions made by the respondent be, and the same are hereby, denied. It is further ordered that appellants have 15 days in which to prepare, serve, and file herein a corrected transcript of the record proper in compliance with the statute and rule IV of this court. For failure to comply with this order, the appeal may be dismissed.