# BROCKMAN *v.* ULLOM

No. 2890

April 5, 1930.        286 P. 417.

*Ham & Taylor* and *Wm. J. Forman,* for Appellant.

*A. A. Hinman* and *Cooke & Stoddard,* for Respondent.

## OPINION

By the Court, COLEMAN, J.:

Pursuant to an order (52 Nev.) heretofore made in this case, counsel for appellant have applied for an order

remanding the bill of exceptions to the district court of the Tenth judicial district for correction and amendment.

It is sought to have the bill of exceptions corrected so as to show that it was settled by the district judge on the 17th day of September, 1929, instead of on the 17th day of August, 1929, which appears from the bill of exceptions to have been the date upon which it was settled. It is also sought to have the bill of exceptions amended so as to incorporate into it the notice of motion for a new trial, the memorandum of errors and exceptions filed in the case, and an order extending time.

Counsel for respondent base their objection to the application upon the opinion in Shirk v. Palmer, 48 Nev. at page 451, 232 P. 1083, 236 P. 678, 239 P. 1000. The opinion mentioned does not sustain the contention. We held that there was no bill of exceptions in that case. Not so in this case. There is a bill of exceptions duly settled.

■ As a general proposition of law, needing no statute to authorize it, the rule seems to be settled without serious question that every court of record has inherent authority to amend its records so as to make them speak the truth. 15 C. J. 975. This seems equally true as to the amendment of bills of exceptions. 4 Stand. Ency. of Proc. p. 361. See, also, 3 Ency. Pl. & Pr. 503; Hedlun v. Holy Terror M. Co., 14 S. D. 369, 85 N. W. 861; Thompson v. C., M. & St. P. Ry. Co., 26 S. D. 298, 128 N. W. 809; McGregor v. Oregon Ry. Co., 50 Or. 527, 93 P. 465, 14 L. R. A. (N. S.) 668; Stockgrowers' Bank v. Gray, 22 Wyo. 482, 144 P. 294; Beckwith v. Talbot, 2 Colo. 604.

But it is insisted that such an amendment or correction is prohibited by district court rule 45, which reads: "No judgment, order, or other judicial act or proceeding, shall be vacated, amended, modified, or corrected by the court or judge rendering, making, or ordering the same, unless the party desiring such vacation, amendment, modification, or correction shall give notice to the adverse party of a motion therefor,

within six months after such judgment was rendered, order made, or action or proceeding taken."

■■ We have grave doubts if this rule was intended to prevent the entry of an order to make the record speak the truth in any case, and even more serious doubts as to its having been intended to prevent the correction of a bill of exceptions; but as we view the situation it is not necessary that we decide this point, for if such were the intention it has been superseded by statute. We have repeatedly held that it is the policy of the legislature, as manifested by section 5358, Rev. Laws, and by chapter 97, Stats. 1923, that cases on appeal to this court should, so far as possible, be disposed of upon their merits. Section 5 of the last-mentioned act provides that if a record on appeal in this court does not accurately or fully state the proceedings the court may take such steps and issue such orders, including orders to the lower court for the certification to this court of such additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal. This section seems to be comprehensive enough to meet any situation which may arise calling for the amendment or correction of a bill of exceptions so as to make it speak the truth.

■ Furthermore, we think that upon notice and a showing of good cause, pursuant to section 5084, Rev. Laws, the lower court might amend and correct the bill of exceptions at any time. Sherman v. Southern Pac. Co., 31 Nev. 285, 102 P. 257; 2 Cal. Juris. 293; 4 C. J. 291.

Whether such a notice and showing must be made in this matter in the district court we are not now called upon to decide.

It is ordered that the bill of exceptions on file herein be returned by the clerk of this court to the clerk of the Tenth judicial district court in and for Clark County, for correction and amendment by the court, in its discretion, so as to make it speak the truth in reference to the matters in question.