# COYKENDALL ET AL. *v.* GRAY ET AL.

No. 2930

December 1, 1930.                                        293 P. 436.

*Wayne T. Wilson,* for Appellants.

*Cole L. Harwood,* for Respondents.

## OPINION

By the Court, DUCKER, C. J.:

This case is before us upon motions made by respondents to strike certain parts of the record on appeal and to dismiss the appeal, and upon a motion made by appellants to remand the record for corrections and amendments.

Five grounds are alleged in support of the motion to dismiss the appeal: (1) Because no original notice of appeal or undertaking on appeal, or order denying motion for a new trial, is on file in this case; (2) because it does not appear from the record in the case that any order has ever been made denying or overruling the motion for a new trial in the case; (3) that it does not appear from the record that the bill of exceptions was filed within the time required by law after the decision of the court in the case; (4) that the memorandum of errors relied upon by the defendants and appellants upon motion for a new trial does not contain the verified statement of the attorney for the defendants and appellants required by law; (5) that no copy of the

transcript or record on appeal was served upon the respondents' attorney, as required by rule 13 of this court.

■ As to the last ground assigned, it appears that rule 13 requires that a copy of the transcript of the record shall be served upon the opposite party, but prescribes no time within which it shall be served. No other rule or statute fixes any time limitation for such service. The transcript of the record on appeal was filed herein on October 15, 1930, and it appears from the affidavit of counsel for appellants that he served a copy of the record on appeal on counsel for respondents on October 29, 1930. Prior thereto the justices of this court had made an order extending the time in which to serve such copy to and including November 3, 1930. We think that under these circumstances the serving of the copy of the record on appeal was not untimely.

■ The second, third, and fourth grounds of the motion to dismiss, and the ground that no order denying motion for a new trial is on file in this case, must also be disregarded, for the reason that the motion is too broad in these respects. Peri v. Jeffers, 53 Nev. 49, 292 P. 1. These are matters affecting the appeal from the order denying the motion for a new trial. The appeal in this case is from the judgment as well, and, as stated in Segale v. Pagni, 49 Nev. 313, 244 P. 1010, we cannot now assume that appellants may not contend that, for errors appearing upon the judgment roll alone, the judgment should be reversed. The motion to dismiss because no original notice of appeal or undertaking on appeal is on file is met by appellants' motion to remand the record on appeal to the trial court for amendment and correction in these and other respects. A sufficient showing has been made to warrant an order pursuant to the latter motion.

The motion to strike designates the following papers and grounds of motion: (1) To strike from the record the copy of the notice of appeal and copy of the undertaking on appeal upon the grounds that they are not

the original papers and documents filed in the court below; (2) to strike the entire record, except the judgment roll, upon the ground that it does not appear from the record in the case that any order was ever made denying or overruling the motion for a new trial; (3) to strike the bill of exceptions made a part of the record on appeal herein upon the ground that it does not appear that the said bill of exceptions was presented and filed within the time allowed by law; (4) to strike from the record the so-called "memorandum of errors" to be used by the defendants and appellants upon a motion for a ` new trial in this case, because the said memorandum of errors does not contain the verified statement of the attorney for the defendants and appellants required by law.

■■ The motion to strike must be granted as to the copy of the notice of appeal and the copy of the undertaking on appeal, as such copies are not properly a part of the record on appeal. The original notice of appeal and undertaking on appeal only may become a part of such record. Stats. 1915, p. 166, sec. 11. It must be denied in all other respects, inasmuch as it appears from the affidavits of appellants' counsel on file herein, one of which was made in support of his motion to remand the record for amendment and correction, and the other made in answer to respondents' motion to dismiss the appeal, that an order was duly made denying the motion for a new trial; that the bill of exceptions was filed within the time required by law by reason of the fact that a stipulation was duly entered into by respective counsel extending the time in which to file and serve the same to and including the 21st day of April 1928; that the memorandum of errors used by the appellants upon the motion for a new trial contained the verified statement of the attorney for appellant required by law; and that these are matters which appellants are entitled to have incorporated in the bill of exceptions so that it may fully state the proceedings had before the court below.

It is therefore ordered that the motion to dismiss

the appeal be denied, that the motion to strike be granted as to copies of the notice of appeal and undertaking on appeal, and denied in all other respects.

■ As we have repeatedly stated, we are loathe to determine cases other than on their merits, and will not do so except in unavoidable cases. Brockman v. Ullom, 52 Nev. 267, 286 P. 417. Section 5358 of Rev. Laws, and Stats. 1923, p. 163, are designed to remedy defective records on appeal, and, pursuant to that purpose, it is ordered that the record on appeal be remanded to the trial court in order that the bill of exceptions may be amended and corrected in the respects indicated, as the facts may warrant.

It appears that the original notice of appeal and undertaking on appeal by which the appeal was perfected in the lower court were subsequently filed with the clerk of this court.

It is therefore also ordered that these documents be likewise remanded to the trial court for their proper placement in the record on appeal.