STATE Ex Rel. ROBERTS MINING & MILLING COMPANY *v.* SECOND JUDICIAL DISTRICT COURT, IN AND FOR WASHOE COUNTY, ET AL.

No. 3120

July 8, 1935.                    47 P. (2d) 383.

*Hawkins, Mayotte & Hawkins,* for Petitioner and Relator:

*James T. Boyd,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in mandamus. The salient allegations in the petition are that the petitioner became an intervener in the case of Boyd v. Hough, pending in the Second judicial district court in and for Washoe County, Nevada, wherein judgment was rendered in favor of the plaintiff; that petitioner caused to be served upon the plaintiff in said action its "Notice of Intention to Move for a New Trial," upon the ground, among others, of insufficiency of the evidence to justify the decision; that thereafter said petitioner made its motion in accordance with its notice of motion, and that the hearing upon said motion was continued from time

to time until December 31, 1934, at which time it was argued, submitted, and denied by the court; that thereafter, on January 11, 1935, the petitioner perfected its appeal to the supreme court from the order denying its said motion for a new trial; that thereafter and on January 15, 1935, petitioner filed its certain "Bill of Exceptions of Intervenor" in said action, and on the same date served upon James T. Boyd, plaintiff in said action, said "Bill of Exceptions of Intervenor"; that said "Bill of Exceptions" included all of the papers making up the judgment roll, and the proceedings had, the evidence, oral and documentary, offered upon the hearing upon the merits of said action, certified by the court reporter, and all papers filed and all proceedings had concerning intervener's motion for a new trial; that said bill of exceptions was correct and contained the substance of the proceedings relating to the points involved.

The petition further alleges that on or about January 18, 1935, the said Boyd served upon petitioner, the intervener in said action, and filed in said action his "Objections to Proposed Bill of Exceptions"; that thereafter said objections came on to be heard, whereupon counsel for intervener objected to the consideration of said "Objections to Proposed Bill of Exceptions," upon the grounds and for the reasons that said objections were insufficient to authorize the court to hear the same, in that they did not comply with section 9386 or section 9388 N. C. L., in that they did not specifically, or at all, point "out wherein said bill does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court," or that there was any error therein, and that said Boyd had no right to be heard upon said objections.

It is further alleged that said objections so made on behalf of the intervener were overruled, and that said "Objections to Proposed Bill of Exceptions" were heard and thereafter the court made and entered an order that said "objections to the bill of exceptions as a whole

should be sustained; and the court refuses to settle the proposed bill of exceptions in this case."

The respondent filed its answer to the petition, wherein it is alleged that on June 28, 1934, judgment was rendered in the case of Boyd v. Hough, as defendant, and the petitioner herein as intervener; that on June 29, 1934, written notice of decision was served upon the resident agent of the intervener in said action, petitioner herein; that on the 12th of December, 1934, notice of intention to move for a new trial was served upon plaintiff in said action; that on January 15, 1935, said intervener filed its proposed bill of exceptions; that the matter was submitted to the court on February 13, 1935, upon said plaintiff's objections to said proposed bill of exceptions; and that the court held that the right to a new trial had been waived, in that its notice of intention to move for a new trial was filed too late.

It is further alleged in said answer that the petitioner filed its proposed bill of exceptions and record on appeal in the supreme court, on an appeal from said order denying intervener's motion for new trial in said suit of Boyd v. Hough, certified to by the clerk of the court, and that it thereby waived its right to have the same settled and allowed, and is not now entitled to complain.

This matter was submitted upon the petition, answer, and the proposed bill of exceptions in the case of Boyd v. Hough, 56 Nev. 123, 47 P. (2d) 381, this day decided.

It will be noted that the petition herein carefully avoids giving the date of any action taken in the case of Boyd v. Hough prior to date of the argument of intervener's motion for a new trial, but it appears from respondent's answer herein, as it does from intervener's proposed bill of exceptions, that the judgment was rendered against intervener in the case of Boyd v. Hough on June 28, 1934. It also appears from the answer herein and said proposed bill of exceptions that written notice of the decision in said matter was served on intervener on June 29, 1934, and that the notice of motion for new trial was not given within ten days

thereafter, as required by law, and that such failure was the reason assigned by the trial court for denying the intervener's motion for a new trial.

Pursuant to section 8884 N. C. L., where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, a motion for a new trial must be made and determined before the appeal is taken; and pursuant to section 8879 N. C. L. when a new trial is sought from a decision of the court the party seeking it must file and serve his notice of intention within ten days after written notice of the decision. The notice of intention to move for a new trial not having been served and filed within the time required by law, it could not be considered by the court. It is a well-known rule that courts do not decide moot questions (Ex parte Ming, 42 Nev. 472, 181 P. 319, 6 A. L. R. 1216) nor order the doing of vain things; hence the refusal of the court to settle the bill of exceptions, as tendered, was right.

It is ordered that the petition be denied, and that these proceedings be dismissed, at cost of petitioner.