## BOYD v. HOUGH (ROBERTS MINING & MILLING COMPANY, INTERVENER)

No. 3099

July 8, 1935.                                   47 P. (2d) 381.

*Hawkins, Mayotte & Hawkins,* for Appellant:

*James T. Boyd,* for Respondents, did not file a written brief.

## OPINION

By the Court, COLEMAN, J.:

This case is now before the court on two motions of respondent Boyd, one to set aside an order entered by this court on January 2, 1935, extending the time of appellant within which to file its record on appeal, including the judgment roll and bill of exceptions, to and including thirty days after the bill of exceptions has been settled, and the other to strike from the files and records of this court the record on appeal and alleged bill of exceptions in the above-entitled cause and to dismiss the appeal.

It appears from the so-called record on appeal that judgment was rendered in favor of respondent on June 28, 1934, of which written notice was given on June 29, 1934. Notice of intention to move for a new trial was served and filed on December 12, 1934. On December 31, 1934, the court denied the motion for a new trial, upon the ground that appellant's notice of intention to move for a new trial was not

served and filed within the time allowed by law. On December 8, 1934, appellant perfected its appeal from a part of the judgment of June 28, and on January 11, 1935, perfected its appeal from the order denying its motion for a new trial. On March 14, 1935, the trial court refused to settle the proposed bill of exceptions.

The purpose of a motion for a new trial is twofold: First, to obtain such new trial; and, secondly, in the case of its denial, to enable this court, on appeal from an order denying such a motion to review the evidence introduced upon the trial upon the merits. Rule II of this court provides that the transcript of the record on appeal in a case appealed to this court shall be filed within thirty days after the appeal has been perfected, and a bill of exceptions, if there be one, has been settled. On January 2, 1935, a petition was filed in this court reciting the judgment of June 28, 1934; that an appeal had been perfected therefrom on December 8, 1934; that notice of intention to move for a new trial had been made by respondent, and denied on December 31, 1934. Upon this showing appellant asked that the time for filing the transcript on appeal be extended to and including thirty days after the bill of exceptions in the case be settled. The order of January 2 was made accordingly.

In view of the fact that section 8884 N. C. L. provides that where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, a motion for a new trial must be made and determined before the appeal is taken, and the further fact that section 8879 N. C. L. provides that when a new trial is sought from a decision of the court the party seeking it must file and serve his notice of intention within ten days after written notice of the decision, and the additional fact that the notice of intention to move for a new trial was not served and filed within the time required by law, the motion for a new trial could not be made at all; hence the trial court was justified in refusing to

settle the tendered bill of exceptions. In the circum-. stances, if we do not vacate the order of January 2 respondent can never enforce his judgment.

■ Counsel for appellant contends that we should remand the proposed bill of exceptions for settlement, and during the argument made a motion to that effect. We know of no authority to make such an order, but the notice of intention to move for a new trial coming too late, such an order would avail appellant nothing; hence his motion must be denied. Had the tendered bill of exceptions been properly settled, we could, on motion and showing, remand it for correction and amendment. Brockman v. Ullom, 52 Nev. 267, 286 P. 417.

■ The order of January 2, 1935, extending the time in which to file a transcript of the record on appeal, should be vacated, effective as of this date, in view of the fact that there is no bill of exceptions in the case, and the further fact that there can be none.

There being no record which the court can consider, it follows that the so-called bill of exceptions and record on appeal should be stricken. It naturally follows that both of the appeals should be dismissed.

It is ordered that the order of January 2, 1935, be and is hereby vacated; that the so-called bill of exceptions and record on appeal be stricken from the files; and that both of the appeals be and are hereby dismissed. Remittitur to issue instanter.